McCay, Judge.
1. Section 3199 of Irwin’s Revised Code gives in terms the right of attachment, if the debtor resides out of the State. Section 3330, whilst it does provide that the lessees of a railroad shall be liable to suit, as the company, does not repeal section 3199. That it does not do so in terms is plain, nor do we think it fair to say that it does so by implication. The great object of section 3199 was to make the lessees, however they might be scattered, or wherever they might live, suable in one place, and that place the same as was provided for suing the corporation Into whose franchises the lessees had stepped. Could it be inferred from this that the lessees are not suable if the plaintiff so choose, as other joint obligors? The statute does not say they shall be sued so and so, but that they shall be liable to be sued so and so. Nor does it follow that because it is not impossible to sue one by ordinary process an attachment will not lie. One may conceal himself. *He may be removing or about to remove out of a county. He may be causing his property to be moved; he may be a non-resident, and yet may in fact be here. In all these cases ordinary process will lie. He may be served with a writ, especially as that service may be by leaving it at his most notorious place of abode. We cannot, therefore, say that because the Legislature has given the remedy against lessees provided in section 3330, it intended to repeal the attachment law in so far as it authorizes attachments against nonresidents.
2. It seems nothing but common justice to say that if a carrier has, by his fault, so injured the cask in which a liquid is contained as that it cannot be moved without further damage, that he cannot compel the owner to take it in that condition. It is practically .a total loss. If left as the carrier has by his fault made it, the loss will be total. This is not like the case of rotting goods, or even of damaged goods. Here the parties have provided a safe barrel to hold their oil, and the carrier has damaged that barrel so that to move it will cause the loss of the oil. It is capable of repair. It seems to us plain that the carrier ought to repair it — restore it, so far as he can — to the condition it was in when he got it, so that the owner may remove it without further loss. As the carrier in this case had something more to do, the freight was not demandable.
3. Whatever may be the rule as to the presumption of the condition in which goods are received, it is certainly true that the carrier will be presumed to have received the goods in good or *401 der for shipment, that is, that they were in such a condition that they could be moved 'without loss. A carrier 'is not bound to receive goods which cannot be moved without loss. A man may have a right to compel a carrier to ship damaged goods, but he cannot compel him to ship goods that are so badly packed as that they cannot be transported. At any rate it is but a fair presumption that when the carrier got the goods they were in such a condition as that they were capable of being transported.
Judgment affirmed.