THE SAVANNAH, FLORIDA AND WESTERN RAILWAY vs.
HOFFMAYER.

1. In a suit against a railroad company for damaging goods in transportation, it was competent for the plaintiff to testify as to their value, although he had a written bill showing the cost of the goods.
2. If a railroad company received goods for transportation in good order, and delivered them in a damaged condition, the presumption would be against the company, that the goods were damaged in its hands, whether such damage was open or concealed.

(a.) There was no error in refusing to charge that, if the railroad company delivered the property in the same apparent good order as that in which it was received by that company, it would not be liable.

3. The verdict is in accordance with the law and evidence.

October 27, 1885.

Railroads    Negligence.    Damages.    Evidence.    Presumptions.    Before Judge Bower.    Dougherty Superior Court.    April Term, 1885.

Reported in the decision.

Chisholm & Erwin ; R. Hobbs, for plaintiff in error.

D. H. Pope; G. J. Wright, for defendant.

Blandford, Justice.

The defendant in error brought his action against the plaintiff in error to recover damages for the loss of and damage to certain goods which had been shipped and transported over the railroad from Savannah to Albany belonging to the plaintiff in error. The evidence showed that the goods were received by the agent of the railroad company from the steamship company in good order, except a marble top, which was cracked, and one rocker. When the goods were received by the plaintiff in Albany, much damage had been done to them, he testifying to the damage to and loss of several pieces.

Objection was made to the plaintiff's testifying to the value of the goods damaged and lost, because he had the bill, which was in writing, showing the cost of the goods. The court overruled the objection, and allowed the evidence, and this is the first error assigned.

Defendant moved to non-suit the case. This was also overruled by the court, and this is the second assignment of error.

The court charged the jury that, if they believed from the evidence that defendant received the furniture for transportation in good order, and if it was delivered to the plaintiff in a damaged condition by the defendant, then the presumption in this case is against the company, that it was damaged in their hands.

The court refused to charge, as requested by defendant, that, if defendant delivered the furniture in the same ap-parent good order in which the road received it, then the defendant is not liable.  A verdict was had for plaintiff, which did not cover the goods lost and the two articles damaged when the railroad company received them.  The defendant moved for a new trial, on grounds as to the charge of the court and its refusal to charge, before set out ; also because of the admission of the evidence of the plaintiff as to the value of the goods, and upon the general grounds.  The court refused to grant the new trial, and error is assigned to such ruling.

1. There was no error in admitting the testimony of plaintiff as to the value of the goods.  His testimony was better than the bill containing an itemized account of the goods; this was mere hearsay, whereas the plaintiff's testimony established the value of the goods.

2. The charge of the court excepted to is the law, if we understand the Code, which is, that the road last receiving the goods, " as in good order," shall be responsible to the consignee for any damage, open or concealed, done to the goods.  Code, §2084.  Language could not be more explicit and less liable to be misunderstood than this.  This proposition being correct, the request of the defendant to the court to charge the jury as above set forth was properly declined by the court.  The request is the opposite of the law, as we understand it.

3. The verdict of the jury is in accordance with the law and evidence in the case, and there was no error in refusing to grant the new trial.

Judgment affirmed.