HENRY *v.* THE CENTRAL RAILROAD & BANKING CO.

89 815
98 461

1. Where it does not appear either that the carrier received the goods as in bad order or that they were in fact in bad order when received, the presumption is they were in good order.
2. If, by an actual sale and receipt of the price, the consignee protects himself against any loss resulting from the goods being damaged *in transitu,* he cannot recover of the carrier anything beyond nominal damages and costs. That he may be liable, on account of warranty or fraud in making the sale, to refund to the purchaser a part of the price, will not entitle him to proceed against the carrier before refunding, on the contingency that this liability may sometime be enforced.
3. If he has thus protected himself as to a part of the consignment but not as to the whole, he may recover actual damages as to the part on which he has sustained such damages.
4. A declaration by a consignee against a carrier for damages which have never been sustained by the plaintiff, is not amendable by introducing as a usee of the action a purchaser from him who, by reason of paying for the goods more than they were worth, has sustained damage.
5. Inasmuch as the evidence showed a cause of action for a small amount on account of damage to that part of the consignment which was unloaded in Macon and stopped there, the court erred in granting a nonsuit.　　　*Judgment reversed.*

August 23, 1892.

Carriers. Evidence. Damages. Amendment. Nonsuit. Before Judge MILLER. City court of Macon. Septembr term, 1891.

The action was by Henry against the Central Railroad and Banking Company of Georgia, for $400 damages to a car-load of fresh meat. The court granted a nonsuit, and the plaintiff excepted. The evidence shows the following facts:

The plaintiff purchased from the Armour-Cuddahy Packing Company a car of dressed cattle, sheep and

hogs. The meat was in good condition when the car was loaded. It was shipped from South Omaha, Nebraska, on March 20, 1889, consigned to the plaintiff at Brunswick, Georgia, by the Missouri Pacific Railway Company in car "A. R. T. 5021." The car was thoroughly chilled and iced. The "through" bill of lading acknowledged receipt "in apparent good order," and specified the route as "C / o N., C. & St. L. to Chattanooga, c / o E. T., V. & G., re-ice Columbus." It provided that "in the event of the loss of property under the provisions of this agreement, the value or cost of the same at the point of shipment shall govern the settlement." The car arrived in Atlanta, Georgia, by the Western & Atlantic railroad, at six o'clock in the evening of March 25, the time which had been consumed in coming from South Omaha being a reasonable time. It was delivered to the defendant in about three quarters of an hour after it reached Atlanta, but at some time on the next day it was returned by the defendant to the Western & Atlantic company, because condemned for repairs. That company received it back, repaired it, and again delivered it to the defendant on March 27. The chief record clerk for the W. & A. company testified: "It is ordinarily the duty of the receiving road to keep such cars iced, but where cars are returned to be repaired, I would have had the ice chambers inspected, and if necessary, would have had the car re-iced." The car arrived in Macon, Georgia, on March 28, and in Brunswick on March 29. At Macon it was opened by the plaintiff and the meat found to be in bad condition caused by failure properly to re-ice in transit. It ought to have been carefully and regularly iced each thirty-six hours. No amount of attention or re-icing at Macon would further benefit it; it was bound to deteriorate in value very rapidly in spite of such precautions. The temperature of the car was far too high, especially

at the top, caused by there being too little ice in the boxes. The plaintiff took out at Macon several cattle and hogs, and had the car properly re-iced and sent on to Brunswick where it arrived on the next day. Had the meat been perfectly sound, properly iced and cool when it arrived at Macon, there being re-iced and for-warded to Brunswick on the same day, it could not have been damaged between those cities; but being partly damaged when it arrived at Macon, and imperfectly iced, it would incur additional damage between there and Brunswick in spite of its being re-iced at Macon. After it has once got into bad shape, it is next to impossible to benefit it any by trying to regain its former temperature. The meat taken out at Macon was damaged at least one third; it would have been worth from $275 to $300 if in good condition; the value of the whole car-load, in good condition, was $1,070 at South Omaha. The meat which arrived at Brunswick was found damaged at least sixty per cent. when the car was opened there on arrival. The car was found to be properly iced. Of the carcasses taken out at Macon the plaintiff sold two to the agent of the Armour Packing Co., who had trouble with it, due to its condition at the time purchased; he needed the meat, and took chances of sustaining loss which occurred later. As to the rest of the meat taken out at Macon, the plaintiff cut off and threw away what was unfit for use (not over one fourth of the beef and about ten per cent. of the pork), and disposed of the remainder, but kept no record of what it brought. It appears from the declaration that the car was shipped from Macon by a carrier other than the defendant. The pleas, other than the general issue, seem to treat each carrier as receiving the shipment as in good order.

The evidence further disclosed that the meat which went to Brunswick was intended for one Baumgartner,

on whom the plaintiff drew with bill of lading for the whole amount, before the car reached there. Baumgartner paid plaintiff the amount of the draft, and plaintiff had not refunded the amount to him. Counsel proposed to amend the declaration so that the suit should proceed in the name of Henry for the use of Baumgartner; but the court refused to allow the amendment, and this ruling also is excepted to.

J. L. ANDERSON, for plaintiff.

R. F. LYON, for defendant.