## PHILADELPHIA AND READING RAILWAY COMPANY v. VENABLE BROTHERS.

In a suit against a railroad company for damages alleged to have been sustained to goods shipped by the plaintiff over its line, where the petition sets forth a good common-law action, the fact that it also alleges that the defendant "received [the goods] as in good order at . . a station upon its line, and transported same to " their destination, does not make the action one brought solely under the terms of the Civil Code, § 2298.

Argued January 22, — Decided February 9, 1903.

Attachment. Before Judge Reid. City court of Atlanta. May 17, 1902.

*Dorsey, Brewster & Howell* and *Arthur Heyman,* for plaintiff in error. *Fulton Colville,* contra.

CANDLER, J. Venable Brothers brought suit by attachment against the Philadelphia and Reading Railway Company, a foreign corporation. The basis of the action, as shown by the declaration in attachment, was alleged damage to certain shipments of stone from Stone Mountain, Ga., to Ogontz, Pa. Paragraph 13 of the declaration alleged "that said stone . . only became unfit for use when injured by the carelessness of the said Philadelphia & Reading Railway Company," while paragraph 14 set up that the defendant com-

pany "received said stone curbing as in good order at Belmont, a station upon its line, and transported same to Ogontz." Service was acknowledged on the declaration, and a general appearance entered for the defendant. Several months subsequently to the appearance term, the defendant filed a written motion to dismiss the declaration, on the grounds, (1) that the petition does not set out any acts, either of omission or commission, showing a violation of any duty by the defendant to the plaintiff, and (2) that the petition seeks to hold the defendant liable under the Civil Code, § 2298, as the last of several connecting carriers; and this can not be done in the present case, because the suit is not by the consignee, as contemplated by the statute, but by the consignor; and because the statute can not be given extraterritorial operation so as to subject the defendant, a resident of Pennsylvania, where the damage is alleged to have been caused, to a suit under its provisions. The court overruled the first ground of the motion to dismiss, holding that the declaration set up a good cause of action; and refused to consider the second, upon the ground that it was in the nature of a special demurrer, and, as such, was not filed in time. To this judgment the defendant excepted.

There can be no doubt that the declaration sets up a good common-law cause of action. The obligation to safely transport the goods shipped by the plaintiff is clearly declared upon, and it is distinctly alleged that the damage thereto was caused by the negligence of the defendant. The mere fact that the declaration also alleges that the defendant received the goods as in good order at a named station on its line, and transported them to their destination, certainly does not vitiate the cause of action set up, nor make it a statutory suit under the Civil Code, § 2298. The allegation merely goes to charge the defendant with having actually received the goods for the damage to which the suit is brought; and this was a necessary link in the chain of the plaintiff's case. It is inconceivable that counsel for the plaintiff below could have had any such idea as that he could subject a Pennsylvania corporation to the peculiar operation of a Georgia statute for a cause of action arising in Pennsylvania. At all events, his declaration does not necessarily make out such a case, and we are satisfied that he did not so intend it. 　　*Judgment affirmed. By five Justices.*