951. GEORGIA, FLORIDA & ALABAMA RAILWAY CO *v.*
ELLIOTT.

1. An action ex contractu may be maintained against a carrier for damages done a shipment while in its possession, although it received the shipment from another carrier, unless it appears that the initial carrier made an express contract to deliver at destination.

2. A carrier can not justify a delay in delivery, arising from a failure on

its part to place a solid car shipment where it could be unloaded after it arrived at destination. on the ground that the consignee did not tender the freight, unless he was given notice of the arrival of the car and was requested to pay the freight.

3. A justice's court has jurisdiction of suits, when not more than $100 principal is claimed, for damages arising through physical injuries to personal property, animate or inanimate, whether the action be ex contractu or ex delicto.

Appeal, from Calhoun superior court—Judge Spence.   December 3, 1907.

Argued February 18,—Decided February 24, 1908.

*L. M. Rambo,* for plaintiff in error.   *Smith & Miller,* contra.

POWELL, J.   The plaintiff brought an action ex contractu for damages to a car-load of ice, shipped from Albany, Georgia, to Edison, Georgia.   He showed a bill of lading issued by the Central of Georgia Railway Company at Albany, for the shipment in good order, and proved delivery by the defendant company at Edison in bad order.   The loss probably occurred because the car, being received at Edison late one afternoon, was not placed where it could be safely unloaded, until about ten o'clock on the next morning. There was a verdict for the plaintiff, and the defendant brings error, making the points that the plaintiff, having shown an express contract with the Central of Georgia Railway Company, could not sue the defendant on an implied contract; that the plaintiff should not recover, because he did not tender the freight prior to the time the car was safely placed for delivery; and that the justice's court in which the case originated did not have jurisdiction.

1.   A common carrier may receive goods for shipment to points beyond its terminus and may contract to deliver at destination,— which is called a through contract,—or to deliver to the next connecting carrier,—which is called a limited contract.   Although it makes a through contract, it may restrict its liability so as to include only damages occurring on its own line.   In through contracts the connecting carriers are agents of the initial carrier, and, as to damages committed by them, no action ex contractu against them will lie by the shipper, though he may maintain a suit ex delicto.   Where the initial carrier contracts not to deliver at destination, but only to the next carrier, each subsequent carrier, by receiving the goods, makes an implied contract with the shipper; and, therefore, in such cases the shipper

may maintain against the carrier responsible for the loss a suit either ex contractu or ex delicto. *Southern Ry. Co.* v. *Montag*, 1 *Ga. App.* 649, and cases cited (57 S. E. 933) ; *East Tenn. Ry. Co.* v. *Johnson*, 85 *Ga.* 497 (11 S. E. 809), and cases cited. While it appears from the record that there was a contract with the initial carrier, it does not appear whether under that contract the carrier agreed to deliver to destination, or only to the next carrier. The burden being on the plaintiff in error to show error, this court will presume that the contract was of that character necessary to uphold the judgment complained of.

2. If, when the car arrived at Edison, the defendant's agent had demanded the freight of the plaintiff, it would have been justified in not placing the car for delivery until the freight was tendered. *Columbus So. Ry. Co.* v. *Woolfolk,* 94 *Ga.* 507 (20 S. E. 119). However, there is no intimation that the plaintiff in this case did not pay the freight just as soon as a bill for it was presented to him. It is plain, from the record, that the delay in delivery was not due to any detention for freight charges.

3. The action being for damages done to personal property, the justice's court had jurisdiction, whether the plaintiff elected to sue in tort or in contract. In this case the action was manifestly ex contractu.                     *Judgment affirmed.*