2029. CENTRAL OF GEORGIA RAILWAY CO. *v.* JONES.

1. An allegation that the goods were received "in good order," or "as in good order," is essential to an action against a carrier, upon the statutory liability imposed by section 2298 of the Civil Code; hence, in a suit against a carrier for the loss of the goods, where no such allegation is made, it will be presumed that the action is based upon the carrier's common-law liability, and not upon the statute.

2. Where a carrier which did not issue the bill of lading notifies the consignee that the shipment has arrived, collects the freight, and attempts to make delivery of the shipment, it will be presumed that it is the last connecting carrier, and that it received the goods in good order; but these presumptions are rebuttable.

3. Concealment by the shipper of the nature of the goods contained in the shipment will ordinarily discharge the carrier from liability. A case of concealment is not proved, however, merely by showing that the initial carrier's agent, in issuing the bill of lading, did not, in describing the articles, give a full and complete description.

Certiorari; from Floyd superior court—Judge Wright. July 2, 1909.

Submitted November 17,—Decided December 10, 1909.

*G. E. Maddox,* for plaintiff in error. *Sharp & Sharp,* contra.

POWELL, J. The Consolidated Grocery Company delivered to the Atlantic Coast Line Railway Company, at Jacksonville, Fla., certain packages of goods to be shipped "to order notify Novelty Gum Co., Rome, Ga." The Novelty Gum Company was the trading name of the defendant in error, John R. Jones. In the bill of

lading issued by the Atlantic Coast Line the articles are described as 23 cases of gum.  It appears, however, that in addition to chewing-gum, the boxes contained cutlery and jewelry intended as premiums for the sale of the chewing-gum, and of greater value than the chewing-gum.  A few days later the agent of the Central of Georgia Railway Company, at Rome, notified Mr. Jones that the goods had arrived.  He went to the bank, paid the draft, obtained the bill of lading, paid the freight charges (which were assessed at first-class merchandise rate), and obtained possession of the shipment.  It was noted on the freight bill that the package was, more or less, in bad order.  Articles to the value of $19.07 were missing from the package.  The jury in the justice's court gave judgment against the Central of Georgia Railway Company for that amount.  Defendant took the case by certiorari to the superior court, but the certiorari was overruled; and this action in the superior court is made the basis of the exception presented here.

1.  The summons originally described the articles as having been shipped from Jacksonville, Fla., by the Central of Georgia Railway Company; while at the trial the bill of lading of the Atlantic Coast Line was tendered.  Objection was made on the ground that this evidence did not support the allegation set out in the summons; and an amendment was offered and allowed, stating that the articles were shipped by the Atlantic Coast Line at Jacksonville, but that the Atlantic Coast Line ultimately connected with the Central of Georgia.  The defendant objected to the allowance of this amendment, on the ground that it converted the action from a suit against the defendant on account of its common-law liability to an action on the statutory liability under the Civil Code, §2298, which makes the last connecting carrier, receipting for goods as in good order, liable for loss or damage, irrespective of whether it caused it or not.  We do not think the amendment had any such effect.  It did not contain the allegation most essential to a suit upon the statutory liability, namely, that the defendant received the goods in good order, or "as in good order."

2.  When the Central of Georgia Railway Company notified the consignee that the goods had arrived, and delivered the shipment in bad order, but collected the whole freight charge, this was sufficient evidence that it was in point of fact the last connecting carrier; and further (by reason of a well-known presumption, not at

all. dependent upon section 2298 of the Civil Code) that it had received the goods from some other carrier in good order, and had itself done the damage. This presumption was rebuttable, but there was no testimony offered to rebut it.

3. Plaintiff in error makes the point that since the articles were described in the bill of lading as 23 cases of gum, when, as a matter of fact, the package contained cutlery, jewelry, and other articles of more value than chewing-gum, the carrier is released, on the theory that any fraud or concealment of the shipper by which the goods are misdescribed discharges the carrier's liability. The validity of the abstract proposition is unquestioned, but we do not think it is applicable to the facts in the present case. The bill of lading was not prepared by the shipper, nor does it appear that he was in any wise responsible for the descriptive terms used therein. It is not shown that he was guilty of any concealment, either by statement or by silence, by which the carrier was misled. There is no proof that the carrier made any inquiry as to what was in the package, or that, as a matter of fact, the carrier was ignorant as to what it contained. So far as the testimony in the record goes, the carrier merely adopted the description in the bill of lading for its own convenience. The case is therefore differentiated from the case of *Southern Express Co.* v. *Pope*, 5 *Ga. App.* 689 (63 S. E. 809). It may be stated here that no question of any collusion by the shipper and the carrier to misstate the nature of the shipment, so as to diminish the freight rate, in violation of the interstate-commerce act (24 Stat. 379, c. 104, U. S. Comp. St. 1901, p. 3154) is involved. The full freight charge, which should have been rated against the shipment, even if its contents had been fully and specifically described, was paid.

We conclude that the judge of the superior court was justified in overruling the certiorari.             *Judgment affirmed.*