5836.  LAMB *et al.,* receivers, *v.* ELKIN, by next friend.

RUSSELL, C. J.  1. When this case was previously before this court upon the question as to the correctness of the judgment overruling a general demurrer to the petition -(*Atkinson* v. *Elkin,* 14 *Ga. App.* 83, 80 S. E. 210), it was held that "the petition set forth.a cause of action and was not subject to general demurrer," and that "the question of contributory

negligence is one to be submitted to the jury, to be considered in the light of the boy's tender years and inexperience." The plaintiff offered testimony tending to show that the statutory precautions enacted for the purpose of preventing injuries by the operation of railroad trains at railroad crossings were not complied with, and proved the resulting injury. It therefore devolved upon the defendants to show that the injury was caused solely by the plaintiff's own negligence, or that by the exercise of ordinary care he could have avoided the consequences of the negligence of the defendants, or, in mitigation of damages, that the plaintiff's negligence contributed to the injury. These were questions for the jury, and their finding therein upon sufficient evidence is conclusive.

2. An exception to the refusal to award a nonsuit will not be considered where the jury has rendered a verdict against the defendant, and exception is taken to the refusal to grant a new trial, on the ground that the verdict was not supported by evidence. Where a motion for a new trial is based upon this ground, the court will review the sufficiency of the evidence as a whole, in the light of the verdict, and will not consider merely the sufficiency of the plaintiff's case to withstand a motion for a nonsuit at the particular stage of the trial at which the motion for nonsuit was made; for the general exception to the sufficiency of the evidence as a whole raises the entire question more adequately than the exception to the overruling of a motion for nonsuit would present it. *Henderson* v. *Maysville Guano Co.*, 15 *Ga. App.* 69, 71 (82 S. E. 588).

3. No exception is taken to the charge of the court, nor is it alleged that the amount of the verdict for the plaintiff was excessive. The evidence as a whole, especially when considered in the light of the plaintiff's tender years and inexperience, was sufficient to sustain the finding of the jury, and will not be disturbed.                     *Judgment affirmed.*

DECIDED JUNE 3, 1915. ON REHEARING, OCTOBER 1, 1915.

Action for damages; from city court of Baxley—Judge Sellers. February 5, 1914.

*Bolling Whitfield, J. B. Moore,* for plaintiffs in error.
*Twiggs & Gazan,* contra.

### ON REHEARING.

RUSSELL, C. J. After the argument of this case on rehearing, and upon careful consideration of the briefs and a review of the record, the court is constrained to adhere to the decision heretofore announced. The learned counsel for the plaintiff in error, conceding that it is well settled in this court that a verdict approved by the trial judge will not be disturbed if there is any evidence, much or little, to support the verdict, submits that the uncontradicted evidence shows that the injury was caused solely by the negligence of Elkin, and that by the exercise of any care whatsoever he could have avoided it. We do not think the record supports either of these contentions. It is unnecessary to recite the evidence, or

to elaborate the statement that there is evidence which would have authorized the jury to find that the injury was attributable at least in part to negligence on the part of the defendants. When the case was here before (14 *Ga. App.* 83), we held that since the conduct of a child of tender years was under investigation, the question as to whether he was or was not guilty of such contributory negligence as to bar recovery was exclusively for determination by the jury. We think we announced the correct rule, but in any event that decision became the law of the case. The petition alleged the child to be 12 years of age, but the testimony of his father shows that at the time of the injury he was only 11 years old. Under all the evidence in the case, it can not be said that the plaintiff was not entitled to recover, when it is considered that the conduct of the plaintiff's son at the time of the injury was not to be measured by the same rule that would be applicable had the party injured been an adult, or had reached an age at which the law imputes caution and discretion.