*Overruled in *Central of Georgia Ry. Co.* v. *Waxelbaum Produce Co.*, post.

### 6883. CENTRAL OF GEORGIA RAILWAY COMPANY v. WAXELBAUM PRODUCE COMPANY.

BROYLES, J. 1. This was a writ of error from a judgment of the municipal court of Macon, refusing to grant a second new trial in the case; and the only specific error assigned in the bill of exceptions was the judgment of the lower court overruling a motion for a new trial, on the ground that that court, under the terms of the act creating it (Acts of 1913, p. 252, § 26 (b) ), was without authority to grant more than one new trial in a case. On the hearing of the case before this court, counsel for the plaintiff in error abandoned this assignment of error,

and relied solely on the contention that the judgment should be reversed because it appeared from the record that the lower court had no jurisdiction to entertain the suit (based on the provisions of the Civil Code of 1910, § 2752), in that the suit was brought against the last of several connecting carriers, when, under the provisions of the Carmack amendment to the interstate-commerce law (34 Stat. 595, c. 3591, § 7, par. 11, 12), the initial carrier alone is liable for damage to interstate shipments. While this court, in *Southern Ry. Co.* v. *Bennett*, 17 *Ga. App.* 162 (86 S. E. 418), held that in such a case the initial carrier alone could be sued, the Supreme Court of the United States, in the recent decision in Georgia, Florida & Alabama Ry. Co. *v.* Blish Milling Co., 241 U. S. 190 (36 Sup. Ct. 541), affirming s. c. 15 *Ga. App.* 142 (82 S. E. 784), has made a ruling to the contrary. That decision in effect reverses the ruling in the *Bennett* case, supra, which, upon review, is hereby expressly overruled.

2. This court, under section 6203 of the Civil Code, can not decide any question unless it is made by a specific assignment of error in the bill of exceptions. The only possible exception to this rule is where it appears from the record of a case that the lower court had no jurisdiction of the subject-matter of the suit. That question, however, is not in this case. The jurisdiction of the municipal court of Macon as to the subject-matter of this suit is not involved, but the question now raised by the plaintiff in error, for the first time, on the hearing before this court, is really whether the lower court had jurisdiction of the *person* of the defendant carrier. This question was entirely one of defense, to be raised by the defendant at the proper time, and by proper pleadings, in the trial court, and, not having been so raised, was waived by the appearance of the defendant in court, and its pleading to the merits of the case.

3. Anything in the decision in the case of *Southern Ry. Co.* v. *Savage*, ante, 489, which is contrary to the ruling herein announced is, on review, expressly overruled.                    *Judgment affirmed.*

DECIDED JULY 29, 1916.

Action for damages; from municipal court of Macon—Judge Chambers.   July 20, 1915.

*Jordan & Lane, Newman & Newman*, for plaintiff in error.

*A. L. Dasher Jr.*, contra.