7626. SOUTHERN RAILWAY CO. *v.* WAXELBAUM PRODUCE CO.

BROYLES, J. 1. The amendment objected to did not set forth a new cause of action; nor did it attempt to set up in the same action the common-law liability of the carrier and the statutory liability of the last connecting carrier. The petition as amended showed that the action was based solely on the common-law liability of the carrier. It is essential, in a suit brought under the provisions of section 2752 of the Civil Code of 1910, to allege that the last carrier received the goods "in good order;" and when no such allegation is made, the action will be construed as being based upon the carrier's common-law liability, and not upon the statute. *Central of Georgia Ry. Co.* v. *Jones,* 7 *Ga. App.* 165 (66 S. E. 492); *Hartwell Ry. Co.* v. *Kidd,* 10 *Ga. App.* 771 (74 S. E. 310); *Western & Atlantic Railroad Co.* v. *Exposition Cotton Mills,* 81 *Ga.* 522 (2), 527 (7 S. E. 916, 2 L. R. A. 102). In this case the petition contained no such allegation. The original petition did not show that the shipment was an interstate one over the lines of several carriers, and that the defendant was the last carrier. By the amendment objected to the plaintiff alleged that the shipment was an interstate one "over several connecting carriers," and that it was delivered to the defendant as the last of these carriers. This amendment did not set out a new cause of action. *Central of Georgia Ry. Co.* v. *Jones,* supra.

2. The petition as amended was not duplicitous, it declaring upon the common-law liability of the defendant, and showing that the suit was based, not upon a tort, but upon an implied contract.

3. There was no error in overruling the ground of the demurrer which set up that under the Federal statute as to interstate shipments the initial carrier alone could be sued. Ga., Fla. & Ala. Ry. Co. *v.* Blish Milling Co., 241 U. S. 190 (36 Sup. Ct. 541, 60 L. ed. 948); *Central of Georgia Ry. Co.* v. *Waxelbaum Produce Co.,* 18 *Ga. App.* 489 (89 S. E. 635).

4. There was no error in overruling all the demurrers interposed to the petition as amended

5. Under numerous rulings of this court, the exception to the refusal to grant a nonsuit will not be considered, since thereafter the case proceeded to a verdict in favor of the plaintiff, and one of the grounds of the motion for a new trial, to the overruling of which exceptions were taken, was that the verdict was contrary to the evidence and without evidence to support it.

6. The verdict was not contrary to law because the bill of lading introduced in evidence by the plaintiff was issued by the Mobile & Ohio Railway Company, the initial carrier of the shipment, while the implied contract declared upon was with the Southern Railway Company, the defendant. This bill of lading evidenced a contract between the Mobile & Ohio Railway Company and the Fruit Dispatch Company, and not between that railway company and the plaintiff. The bill of lading further shows that the contract was not a "through" one (i. e. to deliver at the destination beyond the line of the carrier), but was merely for delivery to the next connecting carrier, and therefore was a "limited" contract. Accordingly, there was an express contract by the initial carrier, and an implied contract on the part of each subsequent connecting carrier when it received the shipment; and hence the plaintiff had the right to bring a suit, either ex contractu or ex delicto, against the carrier responsible for the damage to the shipment (*Georgia, Florida & Alabama Ry. Co.* v. *Elliott*, 3 *Ga. App.* 773 (60 S. E. 363), and cases cited), and he elected to bring it ex contractu. The bill of lading was admissible, not as basis of the suit, but to show that the defendant was the last carrier, so that the plaintiff could obtain the benefit of the presumption, arising in such suits, of the common-law liability of the carrier, that it received the shipment in good order; and further, to show that the defendant, and not the Central of Georgia Railway Company, was the last carrier of the shipment.

7. There was no material error in any of the rulings excepted to as to the admissibility of evidence.

8. The provisions of the "Carmack amendment" of June 29, 1906 (34 Stat. 593, c. 3591, § 7, pars. 11, 12), to the act of February 4, 1887 (24 Stat. 379, c. 104, § 20, pars. 11, 12, Comp. Stat. 1913, § 8592), making the initial carrier liable for damage occurring anywhere en route, with a remedy over against the carrier at fault, do not relieve a terminal carrier from liability for damaging an interstate shipment. Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., supra. See also *Western & Atlantic Railroad Co.* v. *White Provision Co.*, 142 *Ga.* 246 (82 S. E. 644), and *Central of Georgia Ry. Co.* v. *Waxelbaum Produce Co.*, supra. Under this ruling the last carrier of an interstate shipment may be sued on its common-law liability. All three of the cases just cited were suits upon the common-law liability of the terminal carrier.

9. Under all the other facts of the case, the fact that after the arrival of the shipment in Macon over the line of the Southern Railway Company it was delivered to the consignee by the Central of Georgia Railway Company did not make the latter company the last carrier of the shipment. *Western & Atlantic Railroad Co.* v. *Exposition Cotton Mills*, and *Central of Georgia Ry. Co.* v. *Jones*, supra.

10. There was sufficient evidence to authorize the trial judge, exercising the functions of both judge and jury, to find that an unusual and unnecessary delay in the transportation and delivery of the shipment occurred on the line of the defendant, and, in connection with the unrebutted presumption that the final carrier received the shipment in good order, to find that the damage to the shipment was caused by this delay. The evidence also authorized a finding that the Central of Georgia Rail-

5

way Company, in delivering the shipment, was merely the agent of the defendant, the final carrier named in the bill of lading, and that, even if the delay occurred entirely on the line of the Central of Georgia Railway Company, the defendant was liable therefor.

11. The verdict was warranted by the evidence.

*Judgment affirmed. Hodges, J., absent.*

DECIDED DECEMBER 8, 1916.

Action for damages; from municipal court of Macon—Judge Chambers. June 17, 1916.

*Harris, Harris & Witman,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier,* contra.