7443. YESBIK *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. Where an action against a carrier for damage to goods is brought under § 2752 of the Civil Code of 1910, an amendment setting up such a claim as a common-law liability can not be allowed. The effect of such an amendment would be to add a new and distinct cause of action.

2. Such a statutory action, under the section named, against the last of several connecting carriers in an interstate shipment of freight, is not prohibited by the act of Congress of June 29, 1906 (34 Stat. 595, c. 3591, § 7, pars. 11, 12), known as the Carmack amendment to the Hepburn act.

DECIDED FEBRUARY 1, 1917.

Action for damages; from city court of Albany—Judge Clayton Jones. March 27, 1916.

*J. H. Pool,* for plaintiff. *Pottle & Hofmayer,* for defendant.

JENKINS, J. This suit was against the Central of Georgia Railway Company, as the last connecting carrier, for damage caused by delay in the delivery of a shipment of bananas, received by it in good condition. The petition did not allege by whose negligence the delay was occasioned, but the plaintiff undertook, by amendment, to charge it to the defendant. The transaction being an interstate shipment, the defendant moved to dismiss the petition, on the ground that such action, based upon the provisions of § 2752 of the Civil Code, was prohibited by the terms of the Carmack amendment to the Hepburn interstate-commerce act; whereupon the plaintiff offered to amend his suit as already indicated. The amendment was disallowed and the petition was dismissed; and the plaintiff excepted. It is contended in the brief of his counsel that the suit as originally brought was not based upon the statutory remedy given by the code, but was an action good at common law.

1. It is true, as seems to have been recognized by each of the litigants in the court below, that had the plaintiff based his suit upon the shipper's common-law liability, his right of action would not have been affected by the provisions of the Carmack amend-

ment referred to. See *Cincinnati, Hamilton & Dayton Ry. Co.* v. *Quincey,* ante, 167 (91 S. E. 220). And while it will be observed that the status of the case is in fact controlled by the rule announced in the second headnote above, in making such disposition it has been found necessary to determine the question raised by the record and which constituted the sole issue of contention in the court below: Was the action, as brought, based upon the common-law, or the statutory remedy? Despite the reasoning of counsel for the plaintiff, we think this suit comes clearly within the provisions of § 2752 of the Civil Code, and therefore could not be changed by amendment into a common-law action.

In one of the cases cited by counsel for the plaintiff, *Philadelphia & Reading Railway Co.* v. *Venable,* 117 *Ga.* 142 (43 S. E. 407), it was held, that "In a suit against a railroad company for damages alleged to have been sustained to goods shipped by the plaintiff over its line, where the petition sets forth a good common-law action, the fact that it also alleges that the defendant 'received [the goods] as in good order at . . . , a station upon its line, and transported same to' their destination, does not make the action one brought solely under the terms of the Civil Code [of 1895], § 2298" (Civil Code of 1910, § 2752); but it will be observed that the plaintiff in that case set up a good and complete common-law right of action, the declaration distinctly alleging that the damage to the goods was caused by the negligence of the defendant to that suit. In *Southern Railway Co.* v. *Gardner,* 127 *Ga.* 320 (56 S. E. 454), it was held that in the original pleadings neither the common-law nor the statutory liability was set forth. In that case the petition alleged "that the goods of the plaintiff had been delivered to another carrier, who, in turn, delivered them to defendant, and that the time consumed in the transportation from the initial point to destination was so unreasonable that the goods were damaged in consequence of the delay," and "in effect alleged that the defendant company was the last of a line of connecting carriers, but did not allege that the delay occurred upon the line of the defendant, or that the goods were received by it in good order." The plaintiff was there permitted, however, to amend his suit by alleging that the defendant was the last of a line of connecting carriers, and the petition when so

amended was held to set out a good statutory liability. In the present case the allegations are substantially those of the petition in that case, as amended. In this case, as in that, there is no allegation that the delay was occasioned by the negligence of the defendant; and therefore the petition fails here, as it failed there, to show liability under the rule of the common law; but in this case it is alleged that the goods were received by the terminal carrier in good order, and therefore a good statutory action is set out; and this being the case, the court did not err in refusing to allow such an amendment as would set up a cause of action at common law, as the effect of such an amendment would have been to add a new and distinct cause of action. *Exposition Cotton Mills* v. *Western & Atlantic Railroad Co.,* 83 *Ga.* 441 (10 S. E. 113); *Hartwell Railway Co.* v. *Kidd,* 10 *Ga. App.* 771 (74 S. E. 310).

2. Since the filing of the original briefs in this case this court, in the case of *Central of Georgia Railway Co.* v. *Waxelbaum Produce Co.,* 18 *Ga. App.* 489 (89 S. E. 635), reverted to the rule set forth in the second headnote above, thereby overruling the decision in *Southern Railway Co.* v. *Bennett,* 17 *Ga. App.* 162 (86 S. E. 418), and counsel for the defendant ask that the ruling in the *Waxelbaum Produce Co.* case, supra, be now reviewed. It is not deemed profitable by us to again enter into a full discussion of the reason for the rule announced in the *Waxelbaum Produce Co.* case, as in the original pronouncement of this court upon this subject, in the case of *Atlantic Coast Line R. Co.* v. *Thomasville Live Stock Co.,* 13 *Ga. App.* 102 (78 S. E. 1019), the question was ably and exhaustively discussed. We will merely add that, since the rendition of the decision in the *Bennett* case, supra, the Supreme Court of the United States, in the case of Ga., Fla. & Ala. Ry. Co. *v.* Blish Milling Co., 241 U. S. 190 (36 Sup. Ct. 541, 60 L. ed. 948), has announced an opinion which appears to fortify the correctness of the rule now followed by this court, and to strengthen the reasoning set forth in the *Thomasville Live Stock Co.* case, supra. Upon review, the ruling in the case of *Central of Georgia Railway Co.* v. *Waxelbaum Produce Co.,* supra, is therefore adhered to; and, under that ruling, the dismissal of this suit was erroneous.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur*