### 8638.  COLLINS v. STRICKLAND BROTHERS et al.

WADE, C. J. 1. While the distress warrant was predicated upon the implied obligation to pay rent, arising from occupation of the premises by the defendant after entry under a tenant of the plaintiffs (and therefore under the plaintiffs), no issue as to the title to the premises was raised or presented in any manner by the pleadings or at the trial, but to the contrary the counter-affidavit interposed by the defendant, though denying the existence of the relation of landlord and tenant between the plaintiffs and the defendant, expressly admitted that the goods levied upon were stored in the building described in the affidavit which formed the basis for the distress warrant, and that the defendant was liable to the plaintiffs in a reasonable amount for storage of the goods from a date named therein, which admission practically conceded that the ownership of the realty was vested in the plaintiffs. There was, therefore, no harmful error in allowing a witness for the plaintiffs to testify that they were joint owners of the premises for the rent of which the distress warrant was proceeding.

2. Under the admission in the counter-affidavit, referred to above, and in the light of the entire record, no harm resulted to the defendant from the refusal of the court to exclude, on motion, testimony from the agent in charge of the property, to the effect that the keys to the store-house had been turned over to him by a certain person acting "as agent" for the defendant, who at the same time paid him an amount of money to cover the rent of the premises, from the time the distress warrant was levied until the time the goods of the defendant were removed therefrom, at the rate contracted to be paid by the original tenant whom the defendant succeeded in possession, notwithstanding the witness was unable to say that the person who did this was in fact the agent of the defendant, and there was no other testimony to show the existence of that relation. Whether that person was in fact the agent of the defendant or not was wholly immaterial, since the amount then paid by him was not involved in the suit, and since the previous exclusive occupancy of the building by the defendant was an admitted fact, irrespective of whether the person in possession of the keys surrendered them to the plaintiffs by his direction or authority.

3. The ground of the motion for a new trial which assigns error upon the refusal by the court to award a nonsuit will not be considered, since the motion includes the usual general grounds complaining that the verdict for the plaintiffs was not supported by evidence. See *Atlantic Coast Line R. Co.* v. *Blalock*, 8 *Ga. App.* 44 (2) (68 S. E. 743) ; *Duncan* v. *Redd*, 14 *Ga. App.* 306 (80 S. E. 726) ; *Henderson* v. *Maysville Guano Co.*, 15 *Ga. App.* 69 (82 S. E. 588) ; *Shiflett* v. *John W. Kelly & Co.*, 16 *Ga. App.* 91 (84 S. E. 606) ; *Smith* v. *Southern Spring Bed Co.*, 16 *Ga. App.* 449 (2) (85 S. E. 612) ; *Southern Railway Co.* v. *Puckett*, 16 *Ga. App.* 551 (5) (85 S. E. 809) ; *Lamb* v. *Elkin*, 16 *Ga. App.* 770 (2) '(86 S. E. 413) ; *Western & Atlantic R. Co.* v. *Peacock*, 16 *Ga. App.* 772 (86 S. E. 389) ; *Elbert County* v. *Brown*, 16 *Ga. App.* 834 (2) (86 S. E. 651) ; *Dundee Woolen Mills* v. *Edison*, 17 *Ga. App.* 245 (86 S. E. 414) ;

*McDonald* v. *Ellis*, 17 *Ga. App.* 471 (2) (87 S. E. 711); *Gainesville & Northwestern R. Co.* v. *Galloway*, 17 *Ga. App.* 702 (2) (87 S. E. 1093; *Central of Ga. Ry. Co.* v. *Brinson*, 18 *Ga. App.* 113 (88 S. E. 1003; *Taylor* v. *Johnson*, 18 *Ga. App.* 161 (7) (89 S. E. 77); *Hind* v. *Drake*, 18 *Ga. App.* 174 (88 S. E. 992); *Seaboard Air-Line Ry.* v. *Barrow*, 18 *Ga. App.* 261 (89 S. E. 383); *Seaboard Air-Line Ry.* v. *Lyon*, 18 *Ga. App.* 266 (89 S. E. 384); *Moon* v. *Gulf Fish Co.*, 18 *Ga. App.* 267 (3) (89 S. E. 374); *Seaboard Air-Line Ry.* v. *Devlin*, 18 *Ga. App.* 271 (89 S. E. 378); *Central of Ga. Ry. Co.* v. *De-Loach*, 18 *Ga. App.* 362 (3) (89 S. E. 433); *Parker* v. *Webb*, 18 *Ga. App.* 479 (2) (89 S. E. 606); *Southern Ry. Co.* v. *Waxelbaum Produce Co.*, 19 *Ga. App.* 64 (5) (90 S. E. 987).

4. The assignments of error as to excerpts from the charge of the court, are without substantial merit, when viewed in the light of the entire charge and of the record as a whole; nor was there error in the failure to give certain instructions, as complained of in the 9th ground of the motion for a new trial, in the absence of a timely written request therefor.

5. The bill of exceptions recites that the court ordered the grant of a new trial "unless within 10 days plaintiff shall write off from principal recovered the sum of $90, and write off from the interest recovered the sum of $2.10, so that said verdict shall read, '$160 principal, and $3.73 interest.' If plaintiff should write off said amounts as herein directed within 10 days, said motion shall stand overruled." It is further recited that the plaintiffs accepted the terms of this order, and within the period of 10 days did write off the amounts required thereby, and that the new trial was thereby refused. This order is excepted to upon the ground that the court should have granted a new trial unconditionally upon each and every ground of the motion for a new trial. "A judgment of the trial court, the effect of which is to refuse the defendant's motion for a new trial, on the condition, complied with by the plaintiff, that a specified sum be written off by the plaintiff from the amount of the verdict against the defendant, will be reversed, on exception of the defendant, where the basis of the judgment, as to the amount to be written off, can not be ascertained from the record, and the evidence is in conflict as to what amount, if any, the plaintiff is entitled to recover." *Lee* v. *Bagwell*, 14 *Ga. App.* 699 (82 S. E. 49). See also *Central Railway Co.* v. *Perkerson*, 112 *Ga.* 923 (38 S. E. 365, 53 L. R. A. 210). The true rule in such cases is that a trial judge may order that a certain amount of the verdict be written off in some cases, as being excessive under the evidence, but this right can only be exercised when the amount is certain from the evidence or by the admissions of the parties; and so long as the exact amount is a matter of dispute this can not be done. In this case the verdict returned was for an amount larger than was authorized by the evidence, and, assuming that the court deducted rent for the period prior to July, 1915, it can not be said that the amount ordered to be written off was fixed with certainty by the testimony showing that $50

per month was the price contracted to be paid as rent by the original tenant, or by other testimony as to the value of the property for rent.

*Judgment reversed. Jenkins and Luke, JJ., concur.*

DECIDED JANUARY 21, 1918.

Distraint; from Sumter superior court—Judge Graham presiding.   October 20, 1916.

*Wallis & Fort,* for plaintiff in error.