10197. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* SCRIVENS.

STEPHENS, J. 1. In a suit against a connecting carrier in interstate commerce, to recover for damage to goods received by it from a preceding carrier and delivered by the connecting carrier at the point of destination in a damaged condition, proof that the goods were delivered in a good condition to the initial carrier raises a presumption that they were received in a good condition by the connecting carrier. There is nothing in the acts of Congress, including the Carmack amendment of June 29, 1906, c. 3591 (34 Stat. 595, U. S. Comp. St. §§ 8604, 8604 aa), fixing the liability of interstate carriers for goods damaged in transit, which relieves a connecting carrier of this presumption.

2. The presumption that goods delivered in good condition to the initial carrier were in good condition when received by the connecting carrier is not conclusive as a matter of law, but may be rebutted by proof. In the absence of competent evidence rebutting this presumption and showing that the goods were not in good condition when received by the connecting carrier, the evidence is sufficient, where there is proof of the other material allegations in the plaintiff's petition to support a verdict against the connecting carrier. *Capital City Oil Co.* v. *Central of Ga. Ry. Co.,* 16 *Ga. App.* 750 (86 S. E. 57).

(*a*) Where the only evidence introduced in rebuttal of this presumption was that of the baggage-master of the connecting carrier, who testified that the goods were received by it from the preceding carrier in bad condition, and that he knew this only from his records, the jury had a right to conclude that the witness was testifying to a conclusion merely, and had no actual personal knowledge of the circumstances. In view of the presumption it cannot be said that as a matter of law this

evidence was conclusive of the fact that the carrier had received the goods in a bad condition. *Nashville, Chattanooga & St. Louis Ry.* v. *Truitt Co.*, 17 *Ga. App.* 236, 240 (86 S. E. 421).

3. The charge of the court as a whole instructed the jury the the defendant carrier would not be liable unless the goods were damaged while in the defendant's possession, and that the presumption as to receipt of the goods in good condition by the defendant was one of fact and subject to rebuttal. This was fairly submitted to the jury. The charge of the court was not erroneous for any reason assigned, and the evidence authorized the verdict.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
DECIDED SEPTEMBER 18, 1919.

Action for damages; from city court of Americus—Judge Harper. November 2, 1918.

*R. T. Hawkins, Yeomans & Wilkinson,* for plaintiff in error. *Hixon & Pace,* contra.