10511.  YATES & GLADNEY v. FIREMAN'S FUND INSURANCE CO.

SMITH, J.  1. The only ground of the motion for a new trial other than those which complain of the verdict assigns error upon the refusal of the court to order a nonsuit.  This exception will not be considered, since the motion for a new trial, which was overruled, assigns error on the ground that the verdict is contrary to the evidence and without evidence to support it.  See *Collins* v. *Strickland*, 21 *Ga. App.* 542 (3) (94 S. E. 1035), and cases there cited.

2. The evidence authorized the verdict, and there was no error in refusing a new trial.

> *Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*
> DECIDED OCTOBER 20, 1919.

Complaint; from city court of Carrollton—Judge Beall.  April 7, 1919.

*Leon Hood,* for plaintiff in error.

*Boykin & Boykin,* contra.

---

10536.  STEVENS v. SEABOARD AIR-LINE RAILWAY.

STEPHENS, J.  1. The question of whether or not the petition as amended was properly dismissed because it failed to allege that the costs in the previous suit had been paid (Civil Code, §§ 5625, 5629) was not raised in the trial court by plea in abatement, and the allegations of the petition not negativing this fact, its sufficiency in this respect can not be attacked for the first time in the reviewing court.  *Poplarville Sawmill Co.* v. *Driver*, 17 *Ga. App.* 674 (2), 675 (88 S. E. 36).

2. The allegations of the petition, construed, as they must be, most strongly against the pleader, fail to show any specific act of negligence by the defendant railway company which is charged as the proximate cause of the injury sued for.  It appears from the recitals of fact in the petition that the proximate cause of the plaintiff's injury was the balking of his horse, and it is nowhere alleged that the defendant, by any specific act of negligence, caused the balking of the horse and the resulting injury.  The court therefore did not err in sustaining the general demurrer to the petition and in dismissing the suit.

> *Judgment affirmed.  Jenkins, P. J., and Smith, J., concur.*
> DECIDED OCTOBER 20, 1919.

Action for damages; from Liberty superior court—Judge Sheppard.  April 9, 1914.

*W. C. Hodges,* for plaintiff.

*Bolling Whitfield, N. J. Norman,* for defendant.