### 32817. .ROME ELECTRIC INCORPORATED *v.* RAILWAY EXPRESS AGENCY.

DECIDED APRIL 7, 1950.

370

*Harris & Harris,* for plaintiff.

*Matthews, Owens & Maddox, Alston, Foster, Sibley & Miller, William B. Spann Jr.,* for defendant.

WORRILL, J. The plaintiff in error concedes that it is impossible to say or prove whose negligent act caused the damage to the radio-phonograph, and bases its case upon the holdings in *Breed* v. *Mitchell,* 48 *Ga.* 533 (3), *Paramore* v. *Western R. Co.,* 53 *Ga.* 383, *Savannah &c. Ry.* v. *Hoffmayer,* 75 *Ga.* 410, *Henry* v. *Central R. & Banking Co.,* 89 *Ga.* 815 (15 S. E. 757), *Ohlen* v. *A. & W. P. R. Co.,* 2 *Ga. App.* 323 (58 S. E. 511), and *Georgia Fla. & Ala. Ry. Co.* v. *Stanton & Co.,* 5 *Ga. App.* 500 (63 S. E. 655). We have considered each of these cases and the rulings in them all seem to be based ultimately on the rule stated in § 18-505 of the Code which reads as follows: "When there are several connecting railroads under different companies, and the goods are intended to be transported over more than one railroad, each company shall be responsible only to its own

terminus and until delivery to the connecting road; the last company which has received the goods as 'in good order' shall be responsible to the consignee for any damage, open or concealed, done to the goods and such companies shall settle among themselves the question of ultimate liability: Provided that this section shall not apply to interstate shipments."

We think that a careful reading of the cases cited by the plaintiff in error and of the Code section will show that the rules of law therein stated and set forth are not applicable to the instant case. First of all, the rule stated in the Code section in clear terms applies only to connecting carriers; and it was held in *L. & N. R. Co.* v. *Stewart,* 24 *Ga. App.* 67 (100 S. E. 22), a case apparently involving only one carrier, as in this case, and where there was no mention of this Code section, that there was no presumption against a carrier sued for a loss and that the plaintiff must make out his case by sufficient evidence. All of the cases relied upon by the plaintiff in error involved connecting carriers except two, the *Hoffmayer* and the *Breed* cases. In all of the other cases it clearly appears that there was some evidence showing the condition of the goods upon delivery to the initial carrier, and in these last two cases there was evidence that the goods were in good condition when delivered to the defendant.

It is true that much of the dicta in Judge Russell's opinion in the case of *Ohlen* v. *A. & W. P. R. Co.,* supra, would seem to support the position of the plaintiff in error that the presumption that the goods were received by the carrier in good order arises merely from the fact that the carrier received the goods without a noted exception and transported them. However, what is said in that case must be read and interpreted in the light of the facts of the case, and it there clearly appears not only that the ruling was made with regard to the last of a series of connecting carriers and where the evidence clearly showed that the goods were received by the initial carrier in good order, but there was also direct evidence of negligent handling of the goods such as to cause the damage. Nothing like that appears in the instant case.

As stated by counsel for the defendant in error, there does not appear to be any case in Georgia involving this exact point.

However, we think that sound principles of law accord with our view that the trial court did not err in finding in favor of the defendant under the agreed statement of facts. Suits against common carriers for injury or damage to goods transported by them, are not different from other actions, and the general rule applies that the burden is on the plaintiff to show by sufficient competent evidence, the essential elements of his cause of action. *Louisville & Nashville R. Co.* v. *Stewart*, 24 *Ga. App.* 67 (100 S. E. 22). In the case of connecting carriers, the plaintiff's case against the last carrier is aided by the presumption *after* he shows an original delivery to the initial carrier of the goods in good condition. The reason for the presumption in those cases is to throw the burden of the evidence upon the defendant where the matter is one peculiarly within its knowledge, that is who damaged the goods, and where from all the facts and from the nature of the case the plaintiff is un-- able to show that the damage was done by the defendant. However, where the facts involve but one carrier who receives the goods from the consignor and delivers them to the consignee, no sound reason can logically be shown why the plaintiff should not be required to show that the goods were in fact in good order when received by the carrier or that the carrier receipted for them "as in good order." No such evidence was adduced upon the trial of this case, nor was there any other evidence tending to show that the goods were damaged by some act of the defendant or while in the possession of the defendant, and for this reason, the plaintiff's evidence unaided by any presumption as to who caused the damage or in whose charge the goods were when damaged, was insufficient to show the sine qua non of his cause of action, namely that the goods were damaged in transit, or while in the possession of the carrier.

That the plaintiff must show that the goods were received by the carrier from the consignor "in good condition," or at least that they were delivered to the consignee in worse condition than they were in when received by the carrier, is supported, we think, by all of the decisions relied on by the plaintiff in error, and by the following cases: *Evans & Ragland* v. *A. & W. P. R. Co.*, 56 *Ga.* 498 (6); *W. & A. R. Co.* v. *Exposition Cotton Mills*, 81 *Ga.* 522 (2) (7 S. E. 916); *Hartwell Ry.*

*Co.* v. *Kidd,* 10 *Ga. App.* 771(1) (74 S. E. 310); *Southern Ry. Co.* v. *Waxelbaum Produce Co.,* 19 *Ga. App.* 64(1) (90 S. E. 987); *Central of Ga. Ry. Co.* v. *Scrivens,* 24 *Ga. App.* 177 (100 S. E. 233); *AAA Highway Express Inc.* v. *Bone & Hendrix,* 69 *Ga. App.* 763 (26 S. E. 2d, 658). This rule seems to be the prevailing view in those States that have passed upon this exact question. "The ordinary presumption is that goods transported by a carrier arrived at destination in the same condition in which they were shipped. Hence, in an action for injury to the goods, the burden is on the plaintiff to prove that the property was in good condition when delivered to the carrier, or to show a receipt acknowledging the good condition of the goods at that time, or, at least, to show that the goods were in a better condition when delivered to the carrier than they were on arrival at destination." 13 C. J. S., Carriers, § 254 d, p. 538. The case of Gramling Electric Refrigeration *v.* Southern Ry. Co., 155 S. C. 394 (152 S. E. 670), appears to be almost directly in point on its facts, and its holding in accord with the view we take of this case. For a summary of the facts and holding of that case reference may be had to *Acme Fast Freight Inc.* v. *Southern Ry. Co.,* 67 *Ga. App.* 885 (21 S. E. 2d, 493). The only possible distinction in the Gramling case and the case at bar is the fact that there the carrier receipted for the crated refrigerator in these terms: "Contents and condition of contents unknown." This receipt was merely evidence of the facts recited, however, and where the parties here stipulated facts which showed that in this case the condition of the contents of the carton was unknown to the parties when the defendant accepted the sealed carton for shipment, any possible distinction on this ground was eliminated.

For these reasons the plaintiff failed to carry its burden of showing that the radio-phonograph was damaged while in transit or in the possession of the defendant, and the verdict and finding in favor of the defendant were demanded.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*