34538. RAILWAY EXPRESS AGENCY INC. *v.*
L. E. PARKER FISH COMPANY.

DECIDED MARCH 13, 1953.

780

*J. W. Claxton,* for plaintiff in error.

*E. L. Rowland,* contra.

GARDNER, P. J.  This was an interstate, and not an intrastate, shipment of fish, carried by the defendant express company, and no presumption of negligence existed as to the defendant carrier relative to the condition of the fish when delivered by it.  The rights and liabilities of the parties depend upon the laws of Congress, and the bill of lading and the common-law rules as applied in the Federal courts.  Cincinnati &c. R. Co. *v.* Rankin, 241 U. S. 319 (36 Sup. Ct. 555).  The carrier is liable if the goods are delivered to it in good condition and are delivered by it to the consignee in bad or damaged condition; and where the goods are received in bad condition, the plaintiff must show that the goods were received by and delivered to the carrier in good condition and delivered to the plaintiff in bad condition or that the goods were in better condition when received by the carrier for shipment than when delivered to the consignee.  See *Brown &c. Co.* v. *Southern Ry. Co.,* 79 *Ga. App.* 449 (53 S. E. 2d, 702), and cit.; *Rome Electric Inc.* v. *Railway Express Agency,* 81 *Ga. App.* 368 (59 S. E. 2d, 19), and cit.  There was no evidence that these fish were delivered to the carrier in good condition or that they were in better condition when received by it than when delivered by ·it to the plaintiff.  Consequently, the plaintiff failed to introduce evidence authorizing a recovery, and the verdict and judgment in its favor was without evidence to support it and contrary to law.

The testimony of the agent for the express company that he inspected the fish and they did not appear to have been properly iced en route is not sufficient to show that they were delivered to the carrier in good condition or that they were in better condition when received by the carrier than when delivered to the plaintiff.

It follows that the court erred in denying the defendant's motion for a new trial.

*Judgment reversed.   Townsend and Carlisle, JJ., concur.*