7329.  COOK, administrator, *v.* COOK.

HODGES, J. The suit was filed July 15, 1914. The petition alleged, that John C. Cook Sr. died intestate on February 8, 1913, and that the defendant was the duly qualified administrator of his estate; that the plaintiff lived with the decedent continuously on the decedent's place from the year 1878 to the time of his death, working for him as a farm-hand and laborer, at his request and upon his assurance that if the plaintiff would be a faithful hand and servant and do his duty, he (the decedent) would provide for the plaintiff in his will, by leaving the plaintiff a sum in money and property equal in value to the services performed and to be performed by the plaintiff; that the plaintiff was

a faithful hand and servant to the decedent and complied with his part of the contract; and that the services rendered to the decedent by the plaintiff were reasonably worth $400 per year, and were accepted by the decedent. The plaintiff prayed judgment for $5,000. Allegations as to the failure of the decedent to comply with his promise to make a will leaving money, etc., to the plaintiff, and as to their relationship, were stricken by amendment. *Held:*

1. The petition set forth a cause of action, and the court did not err in overruling the demurrers.

2. The question as to the statute of limitations is met by the charge of the court, which limited the recovery to four years next preceding the death of the decedent, and by the verdict, which was "for $400 per year for four years, or for $1,600." The case is controlled by the principle of the decision in the case of *Sheffield* v. *Cook*, 17 Ga. App. 385 (87 S. E. 150), where the court said: "The evidence failed to support the allegations setting up a contract for a definite portion of the estate of the deceased, in return for services rendered by the plaintiff; but there was evidence tending to show that the plaintiff did in fact render valuable services to the defendant's intestate within the statute of limitations, which were requested and accepted by the intestate; and the plaintiff's right to recover upon a quantum meruit, in conformity to the pleadings, should have been submitted to the jury." The verdict was authorized by the evidence, and the court did not err in refusing a new trial.                                                             *Judgment affirmed.*

DECIDED OCTOBER 31, 1916.

Complaint; from city court of Bainbridge—Judge Spooner. March 28, 1916.

*W. I. Geer,* for plaintiff in error. *Harrell & Wilson,* contra.