## JACKSON v. THE STATE.

ATKINSON, Justice. 1. An indictment was returned on January 31, 1934, charging the defendant with the offense of rape alleged to have been committed on December 19, 1933. The evidence tended to show the commission of the offense on the date alleged, and there was no evidence as to its commission on any other date. The court charged the jury in such manner as to authorize a conviction where it was proved beyond a reasonable doubt that the defendant committed the crime "at any time prior to the finding and return of this bill of indictment." It was alleged in the motion for new trial "that the court erred in making said statement to the jury, for the reason that the crime of rape would be barred by the statutes of limitations after the expiration of a period of seven years from the date of the alleged offense." *Held*, that this charge was not cause for reversal.

2. The motion for new trial complains that the court "erred, in view of the charge already given to the jury on the subject, in charging the jury in the following language: . . 'Now, the minimum is merely given to you for your consideration. The court has nothing whatever to do with fixing the sentence in felony cases in the State of Georgia. You will fix the maximum, and you must fix the maximum not to be over twenty years.' Defendant alleges that said charge, in view of a charge already given the jury on the subject, was misleading and confusing, and may have led the jury into the idea that they would have to fix a longer period of minimum service than otherwise." A ground of a motion for new trial must be complete within itself. This ground refers to other portions of the charge which are not identified, and is too indefinite to present any question for decision. *Bryant* v. *State*, ante, 238.

3. Another ground complains that the court "erred in charging the jury in the following language: . . 'So that if you find the defendant guilty, with recommendation, you must fix the punishment, which is not confined to one year; you can fix any number of years up to twenty, and the maximum must not be over twenty,' for the reason that the above language is an incorrect statement of the law, and is highly misleading and confusing, and may have led the jury into the erroneous idea that they would not be authorized to fix a minimum service of one year for the defendant." This charge was not erroneous for the reason stated.

4. The evidence was sufficient to support the verdict finding the defendant guilty, with recommendation of mercy. The possibility or impossibility of the commission of the sexual act in question, under the evidence, was a question of fact for determination by the jury. There was evidence tending to corroborate the statement of the alleged injured female; and the case against the defendant does not fail, for want of corroboration of her testimony, under the ruling in *Smith* v. *State*, 77 *Ga*. 705 (2).

*Judgment affirmed. All the Justices concur.*

No. 10390. FEBRUARY 12, 1935.

*E. J. Goodwin* and *W. G. Warnell,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Samuel A. Cann, solicitor-general, B. D. Murphy, J. T. Goree, E. J. Clower,* and *A. J. Ryan Jr.,* contra.