27564.  COOPER, executor, *et al. v.* VAN HORN.

DECIDED DECEMBER 5, 1939.

*G. W. Langford, Rosser & Shaw,* for plaintiffs in error.
*Julius Rink,* contra.

BROYLES, C. J.  This was a suit against the executors of the estate of A. L. Cooper, deceased, to recover a certain amount of money for alleged personal services rendered Cooper during the last four years of his life by the plaintiff who was a son-in-law of the deceased.  The original petition named the amount sued for as $1600; but by an amendment to the petition it was alleged that the plaintiff's services were worth $1 a day, which amendment, by calculation, reduced the amount sued for to about $1400.  The jury returned a verdict in favor of the plaintiff for $1000.  Subsequently, the defendants' motion for new trial was overruled; and to that judgment exceptions were taken.  A ground of the motion assigns error on a charge of the court stating that the plaintiff was seeking to recover $1600 for his services.  While this was error we do not think it was reversible error.  The original petition stated that the amount sued for was $1600, while the amendment by calculation showed that the amount was less than that sum. The jury were instructed by the court that all of the pleadings would be sent out with them and they could by reading them determine the issues in the case; and the jury, by reading the amendment to the petition and by calculation could, and doubtless did, determine the sum sued for, and the amount of their verdict ($1000) supports this view.  Another ground of the motion complains that when O. C. Clark, another son-in-law of the deceased and a witness for the plaintiff, was on the stand he was on the direct examination asked the following question:  "Do you know how it happened that Mr. Cooper [the deceased] went to Mr. Van Horn's [the plaintiff's] place in the first place?  Why he went there?"  The witness answered:  "Well, the rest of his children, like me and my wife, didn't want to keep him."  The only objection made to the evidence at the time of its admission was that "the answer is not responsive and is immaterial and irrelevant."

We think the answer was responsive to the question and that the evidence was material and relevant. The remaining special grounds of the motion assign as error certain excerpts from the charge. These excerpts, considered in the light of the entire charge and the facts of the case, disclose no reversible error.

Error is assigned on the overruling of the demurrer to the petition. The main contention of the demurrer was that the petition failed to allege an *express* contract between the plaintiff and the deceased that the plaintiff should be paid for the services sued for, and failed to set forth therein "any facts tending to show that the said A. L. Cooper, deceased, became under any legal obligation to pay the plaintiff for such services." "'Ordinarily, when one renders services . . valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof, but this presumption does not usually arise in cases between very near relatives.' [Code, § 3-107]. But this court has never decided that on account of relationship, however near, there can be no recovery for services rendered by one relative to another without proof of an express contract." *Murrell* v. *Studstill,* 104 *Ga.* 604, 606 (30 S. E. 750). And that case cites with approval the following ruling in Broderick *v.* Broderick, 28 W. Va. 378, 386: "As between parents and an adult child whenever compensation is claimed in any case by either against the other for services rendered, it must be determined from the particular circumstances of that case whether the claim should be allowed or not. There can be no fixed rule governing all cases alike. In the absence of direct proof of any express contract, the question always is, can it be reasonably inferred that pecuniary compensation was in view of the parties at the time when the services were rendered; and that depends upon the circumstances of the case, the relation of the parties being one of the circumstances."

While the present petition fails to allege an express contract, it does set forth that the plaintiff had rendered valuable services to the deceased for several years, which were accepted by the latter, and these and the other facts set forth in the petition tended to show that the services were given with the understanding by both of the parties that they were to be paid for by the deceased, or by his executor or administrator after his death. In our opinion the overruling of the demurrer was not error. The evidence while in

sharp conflict authorized the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

GUERRY, J., concurring generally and specially. I think the allegation that the deceased had lived in the plaintiff's home for a year before he became disabled and had paid board during that time was a sufficient surrounding circumstance to authorize the allegation that further board and services furnished him were to be paid for.