## 34233. SUTTON *v.* ALLEN.

DECIDED OCTOBER 17, 1952.

*C. O. Purcell,* for plaintiff in error.
*Cohen Anderson,* contra.

WORRILL, J. S. A. Allen sued Felix Sutton in the Superior Court of Evans County and alleged that they had entered into a written executory contract for the purchase and sale of a certain business and stock of goods owned by Sutton; that pursuant to the contract Allen, the vendee, had paid Sutton, the vendor, $1000 in cash as part of the consideration of the sale, and agreed to pay the remainder of the purchase price upon the fulfillment of certain conditions thereafter set forth in the

petition; that the defendant was to secure from the lessor approval of a transfer of the lease of the land and building where the business was located from the vendor to the vendee; that the petitioner was, pursuant to the contract, ready, willing, and able to make full payment of the purchase price but that the defendant failed to obtain a transfer of the lease to the petitioner in accordance with the terms of the lease contract; that because of that failure on the part of the defendant-vendor the petitioner rescinded the contract of sale and redelivered possession of the premises to the vendee; that prior to the date agreed on in the contract for the final consummation of the sale the plaintiff delivered to the defendant the further sum of $300 which was to be considered as a part of the purchase price; that since the rescission of the contract of sale the petitioner has sought to recover from the defendant the sums thus paid, but that the defendant refuses to repay the same or to restore the plaintiff to the position in which he was prior to the date of the contract of purchase and sale. A copy of the contract referred to in the petition was attached to it as an exhibit. It provided, among other things, that the lease referred to would be transferred by the vendor to the vendee, and referred to the lease itself for its terms. However, no copy of the lease itself was attached to the petition, and no copy was introduced in evidence or included with the record sent up to this court.

The defendant answered, admitting jurisdiction, that he was the owner of the business in question located as alleged and admitting the execution of the contract of sale and that the plaintiff paid the sum of $1000 as alleged, but denying that any further conditions were attached to the payment of the balance due under the contract, or that he was to secure a transfer of the lease to the plaintiff, and he denied that the plaintiff was ready, willing, and able to pay the balance on the date due or that the plaintiff rescinded the contract of sale. The defendant denied that the plaintiff had paid him the further sum of $300 as alleged, admitted that he had not repaid the sum of $1300 but denied that he had failed to restore the plaintiff to the position he was in prior to the date of the contract. The answer further alleged: "Further answering said petition, de-

fendant says that he was on the date set forth in said contract referred to in plaintiff's petition, ready, able, and willing to fully comply with his part of said contract, but that the plaintiff failed and refused to perform his part of said contract, and failed and refused to tender to defendant the balance due upon the purchase price as set forth in said contract, and admitted to the defendant that he was unable at that time to secure sufficient funds to carry out and comply with the terms of said contract and to make the payment required thereunder. 10. Further answering said petition the defendant denies that he is indebted or liable to petitioner in any amount."

Upon the trial of the issues made by the petition and the answer the plaintiff introduced evidence tending to sustain his contentions and refute those of the defendant, and the defendant introduced evidence tending to prove his contentions and refute those of the plaintiff, and he further testified that he finally sold the business to someone else prior to the date of the trial. The jury returned a verdict for the plaintiff for $1000 upon which verdict judgment was entered. The defendant made a motion for a new trial on the general grounds and upon one special ground which was overruled, and the exception here is to that judgment.

The special ground of the motion for a new trial complains because "the court erred in charging the jury as follows: 'If you find that in favor of the defendant, gentlemen of the jury, why then, you look further to the evidence in this case and see whether or not the plaintiff is entitled to recover the sum of three hundred dollars, or some sum less than that. So far as that is concerned, gentlemen of the jury, the court sees [says] that the burden rests upon the defendant to satisfy you that he doesn't owe the amount of three hundred dollars, or that he doesn't owe the entire amount and the same burden rests upon the defendant as to the three hundred dollar item to satisfy you by a preponderance of the evidence that he is entitled to receive a verdict at your hands on that item,' " on the ground that said charge was erroneous in that it was not a correct principle of law, and placed the burden on the defendant of proving his defense by a preponderance of the evidence, thus placing a burden upon him not required by law. The motion further

complains of this portion of the charge on the ground that it was confusing and misleading and, "taken along with other portions of the charge was contradictory, and placed principles of law before the jury that could not be reconciled one with the other, and therefore left the jury with two separate and distinct rules in determining their verdict."

■ A ground of a motion for new trial which requires reference to other grounds of the motion or to portions of the record for an understanding thereof or to enable the court to ascertain whether the error alleged was in fact error, is too incomplete to be considered. See Code (Ann.), § 70-301 and citations under catchword "Completeness." The second of the assignments of error set forth above is incomplete, in that it fails to set forth how the charge was confusing and misleading or what other portions of the charge it was in conflict with or contradictory to, or what portions of the charge the principles stated in this portion of the charge could not be reconciled with. In order to ascertain whether the error alleged in this assignment was in fact error would require this court to search through the entire charge to determine if the portion complained of was in fact in conflict with any other portion of the charge, and if so, what portions. This the court will not do.

■ There is no merit in the first assignment of error contained in the special ground of the motion for a new trial. The plaintiff claimed two items upon which he sought to recover. One item was $1000 which he alleged he paid the defendant in partial payment on the sale price of the property. The defendant admitted receiving this sum and admitted that he had not repaid any portion of it. The plaintiff was either entitled to recover that entire amount or none of it. There was no middle ground or room for a compromise verdict with respect to that. He claimed an additional sum of $300 about which there was conflicting testimony and the evidence was somewhat vague and uncertain as to the exact amount of this item referred to as the three hundred dollar item, but at any rate since the petition claimed only the exact sum of $300 the plaintiff would not have been entitled to a verdict for a sum greater than that amount with respect to that item. The jury returned a verdict for $1000, and so it is obvious that they found for

the plaintiff with respect to the $1000 item and for the defendant with respect to the $300 item.

Throughout the charge the trial court treated these two items separately. This is clear upon a careful reading of the charge. Immediately preceding the portion of the charge complained of the trial court charged: "Now, gentlemen of the jury, if you find that as far as the three hundred dollar item is concerned that the plaintiff has carried the burden imposed by law, that is that the defendant is indebted to him in that amount, or any other amount less than three hundred dollars, why then, gentlemen, you would find in favor of the plaintiff for that amount.

"On the other hand, gentlemen of the jury, if you find the truth of this case to be that the plaintiff or that the defendant in this case was ready, willing, and able at all times to transfer the lease from Mr. Green to Mr. Sutton and that he had arranged with Mr. Green, that Mr. Green was willing to make that transfer on certain terms and that he was ready, willing, and able to comply with those terms but that he didn't do that because there was no tender made to him, no offer to pay on the part of the defendant in this case, or the plaintiff in this case, if you find that to be the truth of it, gentlemen of the jury, why you would find in favor of the defendant in this case on the one thousand dollar item." (Then follows the charge complained of.)

While there may exist some confusion within the portion of the charge complained of itself, it is manifest when that portion is read in context, that is, in connection with what precedes it, that the trial judge was referring in the portion complained of only to the three hundred dollar item and not to the one thousand dollar item. Such being the case, and the jury having found in favor of the defendant with respect to the three hundred dollar item, any error injected into the charge by the portion complained of was rendered harmless when the jury returned a verdict for the defendant with respect to that item claimed by the plaintiff.

■ The evidence authorized the verdict.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*