of use of his right hand, and based an award on such findings. The full board, on appeal, affirmed the deputy director's award. On the claimant's appeal to the superior court the board's award was affirmed, and the claimant excepts.

34664. WATSON *v.* RAY, by next friend.

DECIDED JULY 1, 1953.

*Orrin Roberts,* for plaintiff in error.

*J. Hugh Rogers, A. M. Kelley,* contra.

SUTTON, C. J. 1. In grounds 4 and 5 of the motion for new trial it is contended by the movant that the court erred in charging the jury in certain respects, on the ground that the charges were "not applicable to the evidence adduced upon the trial of said cause," were "not applicable to the facts in the present case," and were confusing and misleading to the jury. But the movant, in these grounds, does not set out literally or in substance any of the evidence in the case, nor does he show how the charge was confusing and misleading to the jury, and he does not contend that the charges were erroneous as abstract principles of law. Grounds 4 and 5 raise no point for consideration.

2. The movant contends in ground 6 of his motion that the court erred in charging the jury as follows: "The Code sections that I have read to you and charged you, if you believe the defendant violated those Code sections and the same was the proximate cause of the injury, it would be negligent per se, that is, negligence as a matter of law. But you are at last— are to determine whether or not the negligence, if any, was the proximate cause of the injury." It is said that this charge was confusing to the jury, in that the Code sections referred to were not designated or explained by the court. The court in this charge designated the Code sections as "The Code sections that I have read to you." The record shows that the trial judge gave literally in his charge part of Code § 68-304, pertaining to having an automobile under immediate control when approaching a person walking in a roadway, and the applicable portions of Code § 68-301, providing speed limits for vehicles. The record thus indicates that the judge had read from these two sections of the Code, and it is not shown that he read from anything other than the Code. Under these circumstances, we do not think that the jury could have been confused. Ground 6 of the motion does not show error.

3. The movant contends that the verdict was not authorized by the evidence, in that the evidence shows that the plaintiff's

injuries were unavoidable. There was some conflict in the evidence, but, from the evidence tending to support the verdict, the following facts appear: The plaintiff, Charles Ray, age 3, was with his uncle, Robert Ray, on Sunday morning at about 11 o'clock on May 20, 1951. They had crossed together from the house on the east side of the road to the barns on the west side, in order to feed the stock. About half way up the driveway to the barn, the plaintiff turned back towards the house and went onto the highway. He was pushing a baby's stroller, pretending that he was plowing. Robert Ray saw the defendant Watson's car approaching from the south, about a quarter of a mile away when the plaintiff reached the edge of the highway. Watson was driving at a speed of more than 60 miles per hour. Robert Ray called to the plaintiff to turn back. Winfred Ray, the plaintiff's father, who was on the front porch of the house, saw Watson's car 100 feet away and also called to his son. The plaintiff turned at about the center of the highway, but was struck by Watson's car before taking a step. The plaintiff was thrown through the air for a distance variously estimated at from 50 to 75 feet, and his skull was fractured. The highway at that point was 24 feet wide; the edge of the shoulders of the road was 20 feet from the center of the road where the plaintiff was struck, and there was a bank 32 feet from the edge of the highway and about 5 feet above it. The driveway to the barns was cut through the bank and passed about 3 feet below its crest and crossed the ditch to the shoulder of the highway by means of a fill. The place where the plaintiff was struck was visible for 7/10 of a mile along the highway to the south. The defendant Watson's automobile made skid marks on the east side of the highway, Watson's right-hand side, for a distance of 84 feet, and for a distance of 78 feet before the point of impact as shown to the deputy sheriff who made the measurements. The defendant testified that he first saw the plaintiff when he was 30 feet away from him. The plaintiff's father testified that Watson said he felt sure that, with his speed, he could get by before the plaintiff got to the middle of the road.

The jury was authorized to accept this evidence, and to find that the defendant was negligent, as alleged, in driving at such a speed that he could not control his car and drive by the plain-

tiff without striking him. The evidence supported the verdict for the plaintiff, and the court did not err in denying the defendant's motion for new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*