## 37809. SHARP *v.* MICHAEL.

DECIDED SEPTEMBER 23, 1959.

*Franklin B. Anderson,* for plaintiff in error.
*Sam G. Dettelbach,* contra.

FELTON, Chief Judge. 1. The plaintiff has obtained a verdict and a personal judgment against the defendant owner for labor and materials furnished directly to said owner in the improvement of his real property, with no special lien against the property. "If materials are sold to an owner either directly or through another as his agent, the materialman may, upon proper pleadings and evidence, obtain a personal judgment against the owner for the price or value of such materials." *Robinson* v. *Reese,* 175 *Ga.* 574, 583 (165 S. E. 744). No demurrer was filed by the defendant in the trial court and the only error assigned for consideration by this court is the denial of the motion for new trial, which cannot challenge the sufficiency of the plaintiff's affidavit in a foreclosure proceeding. *Gunn* v. *Johnson & Co.,* 29 *Ga. App.* 610 (1) (116 S. E. 921).

There is evidence from which the court could find that the plaintiff had agreed to construct certain improvements to the upstairs portion of the defendant's house at a price of $2,215.92; that while work was being done on the upstairs the defendant told the plaintiff to go ahead with the addition of an apartment in the basement of the house as a part of the same job; that nothing was said about what the basement apartment was going to cost; that the total for labor and materials on the upstairs and basement work came to $4,478.37; that $2,700 had been paid in cash and $250 allowed as credit for work on concrete floors; that the balance due was therefore $1,538.37; that two or three days after completion of the work the plaintiff presented the defendant with a bill for that amount and the defendant stated then and on subsequent occasions that he would pay the balance, but had not made payment thereof. Under these circumstances, the verdict against the defendant for $1,250 is supported by the evidence and the general grounds of the motion for new trial are without merit.

2. Ground No. 4 of the motion for new trial assigns error by the court in "admitting plaintiff's Exhibit No. 1 being alleged bill showing a balance of $1,528.37." The bill in question is not attached as an exhibit to the motion nor otherwise described. "A ground of a motion for new trial complaining of the admission of documentary evidence can not be considered unless the form

or the substance of the document objected to is set forth in the motion or is attached thereto as an exhibit." *Cottle* v. *Tomlinson*, 192 *Ga.* 704 (5) (16 S .E. 2d 555). This ground is therefore incomplete, and will not be considered.

3. Ground No. 5 assigns error on the denial of a motion to strike the laborer's lien filed by the plaintiff on the ground that the Civil Court of Fulton County did not have jurisdiction of this proceeding. "The refusal of the trial court to dismiss the action for lack of jurisdiction is not a proper ground for motion for new trial, and as here presented cannot be considered." *Mayeske* v. *Owen*, 92 *Ga. App.* 121, 122 (88 S. E. 2d 204) and cases cited. See also *Ray* v. *Wood*, 93 *Ga. App.* 763 (1) (92 S. 2d 820) and citations.

The Civil Court of Fulton County has jurisdiction over "foreclosures of all liens on real estate and personal property." Ga. L. 1956, p. 3277. This being true, this court will not consider the correctness of the trial court's ruling on the defendant's motion to strike the foreclosure proceedings since no specific assignment of error as to such ruling is made in the bill of exceptions. Code § 6-1607. *Central of Ga. Ry. Co.* v. *Waxelbaum Produce Co.*, 18 *Ga. App.* 489 (2) (89 S. E. 635).

The defendant has had his day in court. His contentions have been fairly submitted and determined by the court as the trier of fact. His motion for new trial is without merit and the court did not err in denying it.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*