20593. HOLLIS, Administratrix, *v.* MAXWELL *et al.*

Argued September 14 and 15, 1959—Decided October 13, 1959
—Rehearing denied November 4, 1959.

*Lawson E. Thompson,* for plaintiff in error.
*Walton Hardin,* contra.

Almand, Justice. The judgments under review are: (a) the
order overruling the demurrers to an equitable petition; (b) the
order denying the defendant's motion for a new trial; and (c)

the order denying the defendant's motion for a judgment notwithstanding the verdict.

■ In their petition William A. Maxwell and Martha Maxwell Higley sought a decree declaring them to be the children of William L. and Mattie Maxwell by virtue of an alleged contract between their father, Ace Brown, and the Maxwells, entered into when they were two and six years of age respectively. It was alleged that in January, 1930, having no children of their own, and by reason of the conditions in a deed to William L. Maxwell to 123 acres of land, he had to have children before he would acquire a fee-simple title to the land, the Maxwells asked Ace Brown to allow them to adopt the children, who are the plaintiffs in this action, with the agreement that the parents of the plaintiffs would relinquish all rights to the plaintiffs as their children and the Maxwells would rear them and educate them. It was alleged that the plaintiffs were carried to the home of the Maxwells, where they lived and were educated by them; that they were given the name of Maxwell, and were held out to others by the Maxwells as their own children; and that they performed every obligation to their foster parents as required by a child to his parent until the plaintiff William enlisted in the Army in 1945 and the plaintiff Martha married; and that they were the virtually adopted children of the Maxwells. It was further alleged that William L. Maxwell died intestate in 1947, and there had been no administration on his estate; and that his wife, Mattie, took possession of his estate, and upon her death in 1957 the defendant Hollis as the administratrix of her estate took, and now has, possession of the estate of William and Mattie Maxwell, and refuses to recognize the plaintiffs as the children of William and Mattie Maxwell. The prayers were that the plaintiffs be declared the children of the Maxwells, and the defendant be required to fulfill the terms of the contract of her intestate.

The petition alleged a parol contract to adopt the children, and a relinquishment of the rights of their natural parents, accompanied by a virtual though not a statutory adoption, said adoption being acted upon by all the parties during the obligors' lives. A breach of this agreement is alleged, and the refusal

of the administratrix of the obligors' estate to recognize the plaintiffs as the children of the deceased Maxwells. Accordingly, it was not error to overrule the demurrers of the defendant. *Crawford* v. *Wilson,* 139 *Ga.* 654 (78 S. E. 30, 44 L.R.A. (NS) 773); *Ware* v. *Martin,* 208 *Ga.* 330 (66 S. E. 2d 737).

■ The court charged the jury as follows:

· "I further charge you in this connection that if you should find under that theory that the petitioners are entitled to recover, and that they have carried the burden just explained to you; this is, the two plaintiffs, then they would be entitled to recover even though the young man might have gone to the army, or even though the young man and the young lady together before they became 21, that they actually abandoned or disregarded their filial duties in adhering in the relationship of son and daughter to a natural mother or to a natural father.

"I charge you, ladies and gentlemen, as a matter of law, that a parol obligation, that is, one by word of mouth, by persons to adopt a child or children of another as their own, accompanied by a virtual or oral adoption, by word of mouth, though not by statute, that is, by law as given by the legislature, and acted upon by all of the parties concerned for many years and during the obligors' life, that is the life of Mr. and Mrs. Maxwell, may be enforced in equity upon the death of the obligor, provided, of course, that the jury believes from the evidence and the circumstances of the case that they have proven by the evidence strong, clear and satisfactory and beyond a reasonable doubt that they are correct in their contentions in this case."

Ground one of the amended motion complains that the first part of the charge was an incorrect statement of law; and led the jury to believe that the plaintiffs were under no duty or responsibility to W. L. Maxwell and Mattie Maxwell, and could enforce a parol contract to adopt, whether they had or had not performed their duties as children. .

The issues in this case were: (1) was there a contract between the father of the plaintiffs and the Maxwells to adopt the plaintiffs; and (2) had the parties to that contract complied with their obligations? The children were not parties to that contract. They assumed no obligations under it. Whatever obliga-

tion they had to reside in the home with their foster parents was that of a child to his parent. A failure on their part to remain in the home of the Maxwells or the disregard of their filial duties to the Maxwells would not defeat their right to enforce the contract to adopt, if it was proven that a valid contract to adopt was made and had been complied with by their natural parents and the Maxwells. Dealing with the identical question, this court in *Chamblee* v. *Wayman*, 167 *Ga.* 821, 826 (146 S. E. 851), held that the failure of the children to perform their filial duties would not abrogate the contract or destroy the relationship created thereby any more than one's son would cease to be his child because he did not perform his duties as an affectionate and obedient child.

Ground 2 complains of the second part of the above charge as being contradictory of the first part, in that the jury in the first part were told that the plaintiffs might recover even though they had abandoned or disregarded their filial duties to the Maxwells, and in the second part were told that, in order to prevail, the plaintiffs would have to show that they acted on the obligations of the parol contract. This charge is not subject to this criticism. The obligation to perform the oral contract to adopt, to which the court referred, was that of the obligors, the Maxwells.

■ Grounds 3, 4, 5, and 6 will be considered together. These grounds complain that the court failed to charge the jury: (a) as to any of the essentials of an oral contract to adopt; (b) as to any of the essential facts that the plaintiffs would have to prove to make out an enforceable virtual adoption, that is, facts transpiring after the oral contract was made; (c) that before the jury could find for the plaintiffs, they must prove that the alleged oral contract to adopt was made by persons able to contract; and (d) that the alleged oral agreement must have expressly provided that the Maxwells would legally adopt the plaintiffs.

The court fully and fairly charged the jury on the issues made by the pleadings and evidence, and if any additional charges were desired, they should have been requested.

■ Over objection the court admitted in evidence a deed from

William and Nancy Maxwell to William L. Maxwell, dated May 11, 1893, conveying 123 acres of land, more or less, to the grantee "during his natural life and after his death, to his heirs and assigns, and if he should die without heirs, then" to others. The objection was that the deed was irrelevant to any issue. In their amended petition the plaintiffs alleged that the 123-acre tract of land, more or less, described in the deed tendered in evidence was conveyed in 1922 by William L. Maxwell to Mattie Maxwell. In her answer the defendant administratrix admitted that title to the land was vested in the estate of Mattie Maxwell, and that as administratrix she was in possession of the estates of William Maxwell and Mattie Maxwell. The property conveyed by the deed was a part of the estate being administered by the defendant. Its introduction in no wise was harmful to the defendant and ground 7 is without merit.

The complaint in ground 8, that the court's charge that the suit was properly brought against the administratrix of the estate of Mattie Maxwell, was in conflict with plaintiff's allegations, is without substance.

Ground 9 asserts that a portion of the decree was erroneous because it was not supported by the pleadings or any evidence. That a judgment or decree does not conform to the pleadings and evidence is not a ground for a new trial. *Achey* v. *Dodson*, 105 *Ga.* 514 (2) (31 S. E. 190); *Mangham* v. *Cobb*, 160 *Ga.* 182 (11) (127 S. E. 408). Nor does the general assignment of error in the bill of exceptions to the decree, enjoining the defendant from paying out any sums of money or disposing of the property of the estate of Mattie Maxwell, properly present any question for decision as to whether the decree was or was not in conformity to the pleadings and evidence. See *City of Atlanta* v. *Carroll*, 194 *Ga.* 172 (3) (21 S. E. 2d 86); *Miller* v. *Coleman*, 213 *Ga.* 460 (99 S. E. 2d 905). This ground therefore cannot be considered.

The evidence was sufficient to authorize the jury to find that a contract was entered into between the Maxwells and the father of the plaintiffs; that the natural parents relinquished all their rights as natural parents, and the plaintiffs were taken into the home of the Maxwells and reared and educated by them as the children of the Maxwells.

The evidence not demanding a verdict in favor of the defendant, there was no error in refusing to direct a verdict in her favor and in denying the motion for a judgment notwithstanding the verdict, nor in denying her motion for a new trial.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*