20930, 20931.   MAXWELL *et al.* v. HOLLIS, Administratrix; and *vice versa.*

ARGUED JUNE 13, 1960—DECIDED JULY 12, 1960.

*Walton Hardin,* for plaintiffs in error.

*Lawson E. Thompson,* contra.

*Lewis Hollis, Mrs. Lewis Hollis,* pro se.

ALMAND, Justice.   The main bill of exceptions assigns error on the overruling of general and special demurrers to an equitable petition.   The cross-bill of exceptions assigns error on an order denying the motion of the plaintiff to consolidate a case between the same parties on appeal from the court of ordinary with the equity case.

Mrs. Lewis Hollis, as administratrix of the estate of Mrs. Mattie T. Maxwell, filed her suit against William A. Maxwell and Mrs. Martha L. Higley. Her petition stated the following case: the defendants were by judgment of the court declared to be the virtually adopted children of William L. and Mrs. Mattie Maxwell (*Hollis v. Maxwell,* 215 Ga. 483, 111 S. E. 2d 72); that the plaintiff is in possession of a tract of land containing 123 acres, more or less, two bales of cotton, and one rent note for one bale of cotton; that taxes on the property of the estate are three years in arrears; that Mrs. Lewis Hollis in her individual capacity claims and contends that Mrs. Maxwell,

the intestate, about 1950 orally contracted and agreed with Mrs. Hollis that, if she would make her home with Mrs. Maxwell and render personal services to her, she would by her will vest her entire estate in Mrs. Hollis; that she fully complied with her contract, but Mrs. Maxwell failed by will to carry out her part of the contract; that the plaintiff in her individual capacity and her husband have presented to Mrs. Hollis as administratrix their claim for services rendered Mrs. Maxwell which claim exceeds the value of the estate. Copies of these claims were attached as exhibits to the petition. She further alleged that she was entitled to extra compensation in the sum of $500 by reason of time and expense in looking after the estate. The prayers of the petition were: (a) that the court by order cite all persons claiming as creditors or heirs to present their claims by intervention or be barred from participating in the estate; (b) that the court by order authorize her as administratrix to carry out the alleged contract between Mrs. Maxwell and the plaintiff as an individual; (c) that the court authorize her to pay the claim of Mr. and Mrs. Lewis Hollis; (d) that she be allowed extra compensation of $500; and (e) that the case on appeal from the court of ordinary be consolidated with this case.

Upon the filing of the petition the court ordered that citations issue and be twice published requiring all persons having claims as creditors, heirs, or otherwise interested in the estate to intervene and file their claims by January 1, 1960, or be forever barred from claiming any part of the estate.

The defendants demurred generally and specially to the amended petition.

■ The defendant in error filed her motion to dismiss the writ of error because Mr. and Mrs. Lewis Hollis had filed interventions, in which they asserted their claims against the estate, and were neither made parties to the bill of exceptions nor served with a copy. Pursuant to the provision of Code § 6-1202 as amended by the act of 1957 (Ga. L. 1957, p. 224), we issued an order that they be served with a copy of the bill of exceptions.

■

The record now shows that these parties have been served. The motions to dismiss are denied.

■ We construe the petition to be one seeking that a court of equity give the plaintiff as administratrix direction in the settlement of the estate under the provisions of Code §§ 37-404, 37-405; and an effort to utilize the provisions of the Bar Order Act of 1939 (Ga. L. 1939, p. 344; Code, Ann., § 37-410). In *Pope v. Pope,* 211 Ga. 74 (84 S. E. 2d 43), this court held that, in order for the court to issue an order under the act of 1939 (supra) to bar the filing of interventions in equity cases after the date fixed in such order, it is essential that the court have in its control assets to administer, marshal, or otherwise dispose of. Since it does not appear in this case that the court had under its control any assets of the estate of Mrs. Maxwell, the provisions of the act of 1939 (supra) have no application in this case.

■ The petition prays for no affirmative relief against the defendants. The plaintiff in her representative capacity seeks to have the court determine the liability of the estate and to give her direction as to three alleged claims against the estate, viz., the claim of the plaintiff as an individual against herself in her representative capacity to the entire estate by reason of the alleged contract of the intestate to devise the same to her; the claim of Mr. and Mrs. Lewis Hollis for services rendered the intestate; and the claim of the plaintiff for extra compensation.

(a) As to the claim of Mrs. Hollis, under the unanimous ruling in *Parnelle v. Cavanaugh,* 191 Ga. 464 (12 S. E. 2d 877), she is not in a position to assert such a claim against the estate. In the *Cavanaugh* case, supra, the plaintiff as administratrix of the estate of her aunt had filed an equitable petition against the heirs praying for direction as to the distribution of the estate and for a decree declaring her to be the adopted daughter and sole heir at law of the intestate, by reason of an alleged contract by the decedent to adopt her and make a will to devise her entire estate to her. It was there held that the petition was properly dismissed on demurrer because the administratrix, under the provision of Code § 38-117, could not after acceptance of

the trust claim adversely thereto. It was there said that this rule operates to preclude an administratrix from asserting an individual claim to the estate by reason of the alleged contract by the decedent to adopt her and devise her estate by will to her. See also *Hardeman v. Ellis,* 162 Ga. 664 (135 S. E. 195); *Crummey v. Crummey,* 190 Ga. 774 (10 S. E. 2d 859); *Spratlin v. Spratlin,* 215 Ga. 27 (114 S. E. 2d 370).

(b) As to the joint claim of Mr. and Mrs. Lewis Hollis against the estate for alleged services rendered the intestate, this is an unliquidated claim. Under our ruling in the first division of this opinion, neither of them can be required to intervene. In the absence of an adversary contest between individual claimants and the representative of the estate, this claim cannot be asserted in this action. As to the right of one as an individual to bring suit against himself in his representative capacity, see *Williams v. McHugh,* 17 Ga. App. 59 (2) (86 S. E. 272).

(c) As to the plaintiff's claim for extra compensation for services as administratrix, it appears from the petition that this estate is being administered in the court of ordinary. That court, under Code § 113-2008, has jurisdiction to award extra compensation in cases of extraordinary services. The claim for extra compensation is peculiarly within the jurisdiction of the court of ordinary. *McKinney v. Powell,* 149 Ga. 422, 430 (100 S. E. 375).

Under the above rulings it was error to overrule the demurrers.

■ Having held that the petition failed to set forth a cause of action for any relief, it follows that it was not error for the court to deny the motion to consolidate this case with the case on appeal from the court of ordinary; and, accordingly, the cross-bill of exceptions will be dismissed.

*Judgment on main bill of exceptions reversed. Cross-bill of exceptions dismissed. All the Justices concur.*