38910.   MAXWELL *et al.* v. HOLLIS, Administratrix.

CARLISLE, Presiding Judge. 1. Grounds of a motion for a new trial complaining of error in specified portions of the charge

must point out expressly wherein such portions were error. *Cardell v. State,* 70 Ga. App. 45 (27 SE2d 250); *Wynn v. State,* 74 Ga. App. 231 (3) (39 SE2d 425); *Haire v. State,* 89 Ga. App. 629 (2) (80 SE2d 497).

2. A mere general assignment that a specified portion of the charge was error presents only the question of whether or not such charge stated an abstractly correct proposition of law. *Central Ry. Co. v. Bond,* 111 Ga. 13, 17 (8) (36 SE 299); *Burden v. Gates,* 190 Ga. 300 (2) (9 SE2d 245); *Shellnut v. Carroll County,* 30 Ga. App. 200 (2) (117 SE 333); *Mendel v. Converse & Co.,* 30 Ga. App. 549, 559 (41) (118 SE 586; *Bankers Health &c. Ins. Co. v. Givens,* 43 Ga. App. 43, 49 (3) (157 SE 906). Such an assignment of error presents the question of the abstract correctness of the whole portion of the charge thus excepted to, and where such portion contains one or more distinct propositions which are abstractly correct, such assignment is not sufficiently specific to invoke any decision by the court. *Anderson v. Southern Ry. Co.,* 107 Ga. 500, 511 (33 SE 644); *Burden v. Gates,* supra; *Shellnut v. Carroll County,* supra, (hn. 3).

3. Under the proposition first stated, an assignment of error that a specified portion of the charge is inapplicable or that it did not apply to the law of the case (*Georgia-Florida Motor Lines v. Slocumb,* 45 Ga. App. 204 (3), 164 SE 166; *Watson v. Ray,* 88 Ga. App. 483, 484 (1), 77 SE2d 53), or that it is misleading and confusing to the jury or gives them a false impression (*Roberts v. State,* 88 Ga. App. 767, 769 (1b), 77 SE2d 825), or that it is in conflict with other unspecified portions of the charge (*Jackson v. State,* 180 Ga. 241 (3), 178 SE 653; *Sutton v. Allen,* 87 Ga. App. 25, 28 (1), 72 SE2d 921), or that such portion of the charge is harmful and erroneous (*Craig v. Augusta Roofing &c. Works,* 78 Ga. App. 514, 515 (3), 51 SE2d 565), but which assignments of error do not point out how or wherein such charge was inapplicable or how it created a false impression or misled the jury, or with what other portions of the charge it was in conflict or how or in what way it was harmful to the defendant, are entirely too vague and general to present any question for decision. Likewise a mere general assignment of error that the portion of the charge amounted to a directed verdict for the defendant and completely charged the movant out of court and that it made it impossible for the movants to have the jury find

in their favor, is entirely too general to present any question for decision.

4. This case was an appeal to a jury in the superior court from an adverse judgment of the court of ordinary on the appellant's petition for the removal of the appellee as an administratrix of an estate. In previous litigation between the same parties, the Supreme Court had held that the appellee was precluded under the rule announced in *Parnelle v. Cavanaugh*, 191 Ga. 464 (12 SE2d 877) from asserting a claim as an individual against herself as administratrix of the estate she represented for services rendered by her to the intestate and to enforce an alleged contract of the intestate to will property to her. *Maxwell v. Hollis*, 216 Ga. 224, 226 (3a) (115 SE2d 360); *Williams v. McHugh*, 17 Ga. App. 59, 61 (86 SE 272). This ruling constituted a final adjudication against the right of the appellee to assert such a claim in her individual capacity against the estate which she represents so long as she continues to represent the estate. However, such ruling did not constitute any adjudication as to the appellee's fitness to serve as administratrix as no such question was presented or could have been presented in that litigation. It follows that the trial judge, in instructing the jury that the fact that the appellee had filed a claim against the estate was a matter which the jury could take into consideration in ascertaining whether her interest was so adverse to the estate as to render her unfit to serve as administratrix, did not charge contrary to the previous judgment and decision of the Supreme Court rendered in an entirely separate and distinct case between the same parties.

5. The foregoing rulings dispose of all of the contentions made by grounds 4 and 5 of the amended motion for a new trial which assigned error on portions of the charge to the jury, and under the rulings above made the trial court did not err in overruling those grounds of the motion.

6. Ground 6 of the motion assigns error because the court permitted certain testimony to be given before the jury "over timely objection by the movants." This ground wholly fails to state what objection was made and it presents no question for decision. *Culpepper v. Hall*, 22 Ga. App. 715 (1) (97 SE 111); *Atlanta Life Ins. Co. v. Jackson*, 34 Ga. App. 555 (2) (130 SE 378); *Kuusisto v. Wilkins*, 56 Ga. App. 405 (1)

(192 SE 639); *Kimball v. State*, 63 Ga. App. 183 (1) (10 SE2d 240).

7. The evidence authorized the verdict of the jury in favor of the defendant and finding against the petition to remove her as administratrix, and the trial court did not err in overruling the general grounds of the motion for new trial.

*Judgment affirmed. Nichols and Eberhardt, JJ., concur.*

DECIDED JULY 6, 1961—REHEARING DENIED JULY 27, 1961.

*Walton Hardin,* for plaintiffs in error.
*Lawson E. Thompson,* contra.