39333. MAXWELL *et al.* v. HOLLIS, Administratrix, *et al.*

DECIDED MARCH 7, 1962.

*Walton Hardin,* for plaintiffs in error.

*Lawson E. Thompson, Colley & Orr, Wilbur A. Orr, Jr.,* contra.

CARLISLE, Presiding Judge. Related litigation to the instant case has been before the appellate courts of this State on at least four previous occasions. See *Maxwell v. Hollis,* 214 Ga. 358 (104 SE2d 893); *Hollis v. Maxwell,* 215 Ga. 483 (111 SE2d 72); *Maxwell v. Hollis,* 216 Ga. 224 (115 SE2d 360); and *Maxwell v. Hollis,* 104 Ga. App. 237 (121 SE2d 409). The instant case is a suit by Lewis Hollis against Mrs. Lewis Hollis, as duly appointed and qualified administratrix of the estate of Mrs. Mattie T. Maxwell, in which he seeks to recover for care

and services furnished Mrs. Maxwell during the four years preceding her death. The original petition, filed on September 3, 1960, alleged that, in the early part of the year 1950, Mrs. Maxwell came to live in the home of petitioner and lived there until her death in April, 1957, except for about four months spent in a home in Crawford, Georgia; that, during this time, petitioner furnished her a home in which to live, gave her the love and affection and rendered her all such services as a son would render to his own mother, carried her to church, to visit friends, and to attend to her personal affairs, carried her to the doctor, and went to get the doctor for her when she was ill; that Mrs. Maxwell was, at the time she came to live in petitioner's house, old and in infirm health and unable to care for herself; that the value of the services which he rendered was at least $750 per year; that he has been paid no amount for such services except $7.50; that, during all this time, Mrs. Maxwell stated to petitioner that he would be paid out of her estate if he had not been otherwise provided for in her lifetime; and, that said sums are past due and unpaid. He prayed for a judgment in the amount of $3,000, representing the part due for services rendered within four years prior to the death of Mrs. Maxwell.

■ William Asa Brown Maxwell and Martha L. M. Higley, the virtually adopted children of Mrs. Mattie Maxwell (*Hollis v. Maxwell*, 215 Ga. 483, supra), intervened in said suit and filed an answer denying the allegations of the petition, a plea in abatement setting up that there is no legal standing of the plaintiff to enforce his claim because it has been determined by the Wilkes Superior Court and the Supreme Court of Georgia. Attached as exhibits to this plea were copies of pleadings in previous litigation between the parties in which Mrs. Hollis, in her individual capacity, sought to assert a claim against herself as administratrix and in which Mr. and Mrs. Hollis individually were required by the trial court to intervene. This case was carried to the Supreme Court and it was there held that the joint claim of Mr. and Mrs. Hollis against the estate for alleged services rendered the intestate was an unliquidated claim which could not be asserted in that action. *Maxwell v. Hollis*, 216 Ga. 224, 227 (3b), supra. That ruling and judgment

on its face was not res judicata as to the claim now sought to be asserted by Mr. Hollis, and this ground of the plea in abatement was, therefore, not meritorious.

■ Thereafter the plaintiff amended his petition by striking therefrom the prayer for $3,000 and substituting in lieu thereof a prayer for a judgment in the amount of $5,250, together with interest at 7 percent from April, 1957. The following day the defendant filed general and special demurrers to the petition as amended, the special demurrers attempting to attack for various deficiences the allegations of the original petition. These demurrers came on for a hearing on the day they were filed, April 29, 1961, and the court passed an order overruling the general demurrers and dismissing the special demurrers without passing upon the same on the ground that they were filed too late. The second assignment of error is to this judgment. This judgment was not error. The petition as originally drawn clearly stated a cause of action for the reasonable value of the services rendered Mrs. Maxwell by the plaintiff during the four years immediately preceding her death. It alleged an express agreement by Mrs. Maxwell to pay for these services, but properly construed, this agreement was merely alleged as matter in inducement since other of the essential elements of an express contract were not alleged. The trial judge did not err in overruling the general demurrers. *Sheffield v. Cook*, 17 Ga. App. 385 (87 SE 150); *Cook v. Cook*, 18 Ga. App. 730 (90 SE 488); *Watts v. Rich*, 49 Ga. App. 334 (175 SE 417); *Cooper v. Van Horn*, 61 Ga. App. 214 (6 SE2d 408).

■ The special demurrers were properly overruled and dismissed, also. The original petition was filed on September 3, 1960. The amendment, filed on April 28, 1961, striking the prayer for $3,000 and inserting a prayer for $5,250 made no changes in the allegations of fact contained in the petition, and demurrers filed on April 29, 1961, the day after that amendment, and seeking merely to have the allegations of fact contained in the original petition amplified were clearly too late to invoke any ruling by the trial court. *Smith v. Aultman*, 30 Ga. App. 507, 508 (4) (118 SE 459).

■ The first special ground of the motion for a new trial

complains of error because the trial court admitted in evidence defendant's exhibit No. 1. This exhibit is neither set forth literally nor in substance in this ground of the motion, nor is any reference made in the ground to the place in the record where it may be found. This ground was, therefore, insufficient to present any question for decision as to the correctness of the judge's ruling in admitting the document in evidence. *Hester v. Muscogee Motor Co.*, 184 Ga. 49, 50 (1) (190 SE 591); *Greeson v. State*, 97 Ga. App. 248, 249 (4) (102 SE2d 506); *Sharp v. Michael*, 100 Ga. App. 212, 214 (2) (110 SE2d 679).

■ Special ground 2 of the motion for a new trial complains of a portion of the charge which instructed the jury as to the nature of the plaintiff's suit, that is, that it was a suit for the reasonable value of the plaintiff's services to Mrs. Maxwell, on the ground that such instruction was unauthorized and was confusing and misleading to the jury because the petition sought to recover on an express contract. As set forth in division 2, the petition, properly construed, sought to recover on a quantum meruit, and this instruction was not subject to any of the criticisms made in this ground.

The final special ground of the motion complains because the judge instructed the jury as to the form of verdict to be rendered in the case and that they could render a verdict for the plaintiff up to the amount sued for. This ground contends that this portion of the charge is error because it gave the jury no proper standard on which to base its verdict in any amount, and that it failed to take into account the fact that no recovery could be had for the time Mrs. Maxwell was away from the plaintiff's home and in the nursing home, and it further fails to take into account that $7.50 had been paid to the plaintiff under the allegations of the petition. This charge was not an instruction to the jury as to the measure of damages, and this ground cannot be construed as assigning error on the failure of the judge to give the jury elsewhere in his charge a proper standard on which to base its verdict. Neither of the charges excepted to in special grounds 2 and 3 of the motion was subject to the criticisms leveled at it in these grounds.

■ The evidence on behalf of the plaintiff proved the rendi-

tion of the services as alleged in the petition, statements by the deceased to third parties to the effect that the plaintiff would be paid for his services, and evidence as to the reasonable value of the services. The verdict of the jury was authorized by the evidence, and the trial court did not err in overruling the general grounds of the motion for a new trial nor in denying the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*