## 39663. CARROLL v. FIRST NATIONAL BANK OF BARNESVILLE.

DECIDED OCTOBER 26, 1962.

*Guy R. Dunn,* for plaintiff in error.

*E. Speer Mabry, III, Jones, Jones & Mabry,* contra.

FELTON, Chief Judge. 1. Special ground 4 of the plaintiff in error's motion for new trial assigns error on the failure of the court to dismiss the plaintiff's petition on the ground that the note purports to be a conveyance from the maker, whereas the instrument shows that the maker did not have title to the auto-

mobile, thereby making the instrument void. This ground is without merit because a motion for new trial may not be used to draw in question the ruling of the court on the pleadings. *Padgett v. Reaves*, 86 Ga. App. 137 (70 SE2d 922) ; *Hall v. First Nat. Bank*, 89 Ga. App. 853 (81 SE2d 522) ; *Dye v. Alexander*, 195 Ga. 676 (25 SE2d 419) ; *Davis v. Buie*, 197 Ga. 835 (30 SE2d 861).

2. Special ground 5 specifies as error the allowance, over the defendant's objection, of the question, "Would you please explain the circumstances how she was told and where she was told and what happened, briefly, sir?", on the grounds that the same was "highly inadmissible and pure conversation which did not have any provative [sic] value and was misleading to the jury." This ground does not state why the question was inadmissible or wherein it was misleading to the jury and therefore presents no question for decision.

3. Special ground 6 states merely that certain quoted evidence should have been excluded upon motion having been made by counsel for the defendant. This ground is likewise without merit because it fails to specify why the evidence should have been excluded. *Maxwell v. Hollis*, 104 Ga. App. 237 (6) (121 SE2d 409) and cit.

4. Special ground 7 assigns error on the admission of testimony as to a telephone conversation between the defendant and the president of the plaintiff bank without a proper foundation having been laid. The record shows that as soon as the witness mentioned that the defendant had called him on the telephone, counsel for the plaintiff elicited from the witness the fact that the defendant had identified herself by name over the telephone. This was adequate foundation for the conversation to which the witness then testified, especially since the witness first mentioned the telephone conversation and was not allowed to testify as to what was said until counsel had established that the defendant had been identified over the telephone. See *Taylor v. State*, 75 Ga. App. 205 (1) (42 SE2d 926) and *Greble v. Morgan*, 69 Ga. App. 641 (2) (26 SE2d 494). Even if the admission into evidence of the conversation had been error, it would have been rendered harmless error by the defendant's own statement under

cross-examination, to which objection was not made, that she had called the plaintiff's president on the telephone. *Sapp v. Callaway,* 208 Ga. 805 (3) (69 SE2d 734); *Fields v. State,* 88 Ga. App. 770 (3) (77 SE2d 751).

5. Special ground 8 contends that the note on which the defendant was surety was improperly admitted in evidence since it had not been properly identified or shown to be in the same condition in which it was at the time of execution. Since the note was in writing and recorded, the execution is presumed to be valid and unchanged from its condition at the time of its execution in the absence of a plea of non est factum. *McMillan v. Fourth Nat. Bank of Jacksonville,* 18 Ga. App. 445 (3) (89 SE 635). This ground is accordingly without merit.

6. Special ground 9, which assigns error on the failure of the court to charge the jury that it could return a money verdict for the plaintiff, is without merit. In a trover case, the plaintiff has the right to elect whether he will accept an alternative judgment for the property or its value, and the fact that the court charges on only one form of recovery furnishes no ground for exception by the adverse party where the plaintiff consents to the court's direction and adopts it as its election. *Willingham v. Hooven, Owens, Rentschler & Co.,* 74 Ga. 233 (1) (58 AR 435).

7. Special ground 10, which assigns error on the court's refusal to direct a verdict for the defendant because the evidence showed that the plaintiff had no right of title or possession, is without merit because the bill of sale to secure the indebtedness, which was attached as an exhibit to the plaintiff's petition, showed that the defendant had conveyed the automobile to the plaintiff to secure the note which she had signed as surety. The fact that the collateral for the indebtedness was supplied by the defendant, a third party to the note, does not invalidate the plaintiff's right to the automobile upon the default of the principal. *Code* § 20-306 provides: "If there be a valid consideration for the promise, it matters not from whom it moves; the promisee may sustain his action, though a stranger to the consideration."

8. Special ground 11 contends that the following excerpt from

the charge was not a complete abstract principle of law and was confusing and misleading to the jury: ". . . I charge you that a mere mortgage will not, the difference between a mortgage and a deed to secure debt being that a deed to secure debt passes title to the holder thereof, whereas a mortgage creates only a lien on the property." While it is true that this is not a complete sentence within itself, taken in the context of the remainder of the charge, as set forth in the record, the whole charge states a true and complete abstract principle of law.

9. As to the general grounds of the motion for new trial, there was evidence that the defendant had possession of the automobile and that she had conveyed the automobile to the plaintiff by the bill of sale to secure the note on which she was surety, therefore the verdict and the judgment were supported by evidence.

None of the grounds of the motion for a new trial having merit, the court did not err in any of the judgments excepted to.

*Judgments affirmed. Bell and Hall, JJ., concur.*